AT INDIANAPOLIS, NOVEMBER TERM, 1831, IN THE SIXTEENTH
YEAR OF THE STATE.

---

### ARNOLD and Others *v.* STYLES and Others.

A bill in chancery was filed in the *Union* Circuit Court, to revive a decree of the *Franklin* Circuit Court in favour of the complainant's ancestor, respecting land situate, at the time of the decree, in *Franklin* county. When the bill of revivor was filed, the land, in consequence of a change of county boundaries, lay in *Union* county. *Held,* that the bill of revivor should have been filed in the *Franklin* Circuit Court; the *Union* Circuit Court having no jurisdiction of the cause.

The merits of the decree cannot be disputed by an answer to a bill of revivor.

The mode of objecting to an answer as insufficient, is not by demurring, but by filing exceptions.

ERROR to the *Union* Circuit Court.

*Monday,*
*November 7.*

M'KINNEY, J.—The bill is filed in the *Union* Circuit Court by the heirs of *Elizabeth Styles,* to revive a decree which had been rendered in the *Franklin* Circuit Court, in favour of *Elizabeth Styles* against the heirs of *Bird Styles.*

The complainants show the proceedings had in the *Franklin* Circuit Court, on a bill filed in 1818 by *Elizabeth Styles* against the heirs of *Bird Styles;* refer to and make the bill, exhibit, and decree in that cause, a part of their bill; and charge that the tract of land, the subject of litigation in that suit, and then within the bounds of *Franklin* county, is at present within those

of *Union* county; that the complainants are residents of the same county; that *Elizabeth Styles* died before the decree, or any part of it, was executed; that they are her legal heirs; and pray that the defendants may appear, and show cause, if any they have, why the decree and other proceedings, abated as charged, should not be revived, and put in the same condition, &c. The defendants by their guardian answer as follows,—that they are strangers to the proceedings had in the *Franklin* Circuit Court; that they are informed and believe that the proceedings are inoperative; that they then were and still are infants, and were without a guardian in that Court; that they believe that *Elizabeth Styles* had no other than a life estate in the premises; that the allegations in the bill, setting up a claim to the moiety of the land therein mentioned, were without foundation, and the proceedings a fraudulent attempt to take advantage of their youth and inexperience. They ask that the complainants be compelled to make strict proof of the allegations in the bill of *Elizabeth Styles.* To the answer, the complainants demurred; the defendants joined in demurrer; and judgment was rendered in favour of the defendants, dismissing the bill with costs.

Bills of revivor are embraced in the class of "Bills not original," and are either an addition to or a continuance of an original bill, or both. Mitf. Pl. 31. The suit in the *Franklin* Circuit Court abated by the death of the complainant. If the decree was not executed before her death, as charged by the bill, her representatives, claiming an interest under it, are properly complainants to a bill of revivor. Formerly, when a suit abated after a decree signed and enrolled, the decree was revived by scire facias. That practice has, however, yielded to the more ample relief afforded by the bill of revivor. By this bill, matter not litigated by the original parties, cannot be introduced after a decree. The bill merely continues the original suit, and enables its prosecution by those whose interests have attached by the abatement. If the decree of the *Franklin* Circuit Court has not been executed, upon its revival, the representatives of the complainant, as regards the question of enforcement, or act to be done, occupy the same ground that the complainant herself would have done. It is well settled, that when the jurisdiction of a Court of chancery attaches, it is

retained until it fully acts upon the subject before it. *Rath-* Nov. Term, 1831.
*bone* v. *Warren*, 10 Johns. Rep. 587.—1 Madd. Ch. 23.

ARNOLD
v.
STYLES.

The complainants contend, that although in *England* a revival must have been in the Court in which the original proceedings were had, yet in this state it is different. We cannot perceive a distinction. The necessity to revive in the same Court in *England*, it is believed, results not from the fact, as is supposed, that there is but one Court of chancery, whose jurisdiction embraces the whole kingdom, but because the *records* remain in the Court in which they originate, and from the confusion that would arise if the same subject were litigated, by the same parties, at the same time and in different Courts. The principle equally applies to Courts of common law. A scire facias to revive a suit or a judgment, can only issue from the Court in which the suit was brought, or the judgment rendered; because in such Court is the record. Bingh. on Judg. 127.—2 Arch. Prac. 98. If bills of revivor, thus brought, were sustained, bills of review, bills to impeach a decree for fraud, and the various modifications of bills not original, would rest on the same principle; and instead of that unity of proceeding, so favourable to the ends of justice, the greatest confusion would inevitably ensue. The complainants further contend, that as the land is now in the county of *Union*, and the parties reside in it, jurisdiction attaches to its Circuit Court. A Court of chancery acts *in personam* or *in rem*. It is immaterial by which it gains jurisdiction; once exercised, neither a change of county boundaries, nor a change of the residence of a party litigant, can arrest the prosecution of a suit. The Court has always jurisdiction to carry its own decrees into execution. It therefore follows, that if the decree of the *Franklin* Circuit Court be revived, it must be done in that Court.

The answer is clearly insufficient. The bill is to revive a decree. The decree, until reversed, is conclusive. It cannot collaterally be questioned. If the decree was obtained by fraud, it may be impeached on that ground. This is done by a bill. The defendant by an answer to a bill of revivor, cannot question the justice of the decree. 2 Madd. Ch. 403. The answer then was not a response to the bill. When an insufficient answer is filed, (exclusive of its reference for impertinence or scandal,) there is but one mode of objecting to it;

Nov. Term,
1831.

that is, by taking exceptions.   Mitf. Pl. 250.   The complainants, however, have demurred to the answer, and as causes of demurrer state, 1st, that the answer sets up no matter of defence that amounts to a bar to the relief sought by the bill; 2dly, that there is no matter set up by the said answer that requires a replication thereto.   These causes of demurrer may perhaps be regarded as exceptions taken to the answer.   This would accord with the liberal practice of a Court of chancery.   Exceptions are required to be specific.   These causes·of demurrer are general.   Whether they are sufficient to require a better answer, it is thought unnecessary to decide.   'There is an obvious want of jurisdiction in the *Union* Circuit Court.   For this reason, the judgment must be affirmed.

*Per Curiam.*—The decree is affirmed with costs.   To be certified, &c.

*Perry,* for the plaintiffs.

·*Rariden,* for the defendants.