January Term,
1862.

PARISH VS. MARVIN and others.

The circuit court of one county has no jurisdiction of an action brought to review and reverse the judgment of the circuit court of another county, on the ground of errors apparent on the face of the record, or on that of newly discovered evidence.

If proceedings in the nature of a bill of review may still be taken, they must be had before the court by which the judgment was rendered.

When a review is sought on new evidence, liberty to file the complaint must first be obtained from the court, upon petition supported by affidavit.

PARISH
v.
MARVIN et al.

| 15 | 247 |
| 75 | 405 |
| 15 | 247 |
| 83 | 611 |
| 15 | 247 |
| †102 | 101 |

APPEAL from the Circuit Court for *Crawford* County.

One Hale obtained in the Dane circuit court, a judgment of foreclosure and sale upon a mortgage made by one Massing to secure a note executed by him to *Parish*, and indorsed by *Parish* to a third person, under whom Hale claimed. The judgment directed payment by Massing and *Parish* of any deficiency; and by a subsequent order of said court, execution was issued against them for a deficiency, upon which certain land of *Parish*, in Crawford county, was levied upon and sold. *Marvin* claimed some interest in the land by assignment of the certificate of sale or otherwise. This action was brought by *Parish* in the Crawford circuit court, to review and reverse, as to him, said judgment and proceedings; to have said levy and sale declared void; and to restrain the execution, by the sheriff, of a deed of the land. The grounds upon which the relief was sought are sufficiently stated in the opinion of the court. A demurrer by *Marvin* to the complaint, on the ground that it did not state a cause of action, and that the Crawford circuit court had no jurisdiction of the cause, was sustained; and the plaintiff appealed.

*H. E. Frink*, for appellant:

1. Prior to the Code, a proceeding like the present would have been by bill of review. Welford's Eq. Pl., 124, and cases there cited. The object of a bill of review is to procure an examination and modification or reversal of a decree which has been signed and enrolled. 2 Barb. Ch. Pr., 90; 4 J. J. Marsh., 500; 17 Vesey, 178; 16 id., 350; 6 Madd., 127. A bill of review will lie for errors apparent on the face of

January Term, the record (2 Barb. Ch. Pr., 90); and also for newly discov-
1862.
ered evidence material to the issue. 2 id., 92; *Dexter vs. Ar-*
PARISH      *nold,* 5 Mason, 303.    2.   The Code has not in any way af-
v.
MARVIN et al. fected the rights of parties, or abridged their remedies. R.
S., 1858, chap. 125, sec. 1; Van Santvoord's Pl., 65–69; Wil-
lard's Eq. Jur., 35–44.  3. The foreclosure suit was at an
end; a final judgment had long since been entered; other
parties than those appearing on the record had become in-
terested, and these could be brought into court and their
rights adjudicated in no other way than by the commence-
ment of a new suit.   2 Barb. Ch. Pr., 98–100; Story's Eq.
Pl., §§ 408, 420; 13 Peters, 6, 15; 3 Cranch, 179; 3 Story,
299.   Again, a decree or judgment of a court of equity can
be impeached for *fraud* in no other way than by original
suit.    Story's Eq. Pl., 426, note 2; *Kennedy v. Daly,* 1 Sch.
& Lef., 355, 374; *Bennett v. Hamill,* 2 id., 576; *Barnesly v.
Powel,* 1 Vesey, Sen., 120; 1 P. Wms., 736–7.  4. The statute
requires suits for the determination of any right or injury to
real property, to be brought in the county where the subject
of the action, or some part thereof, is situated.   R. S., 1858,
chap. 123, sec. 1.   5. If the action was commenced in the
wrong county, no advantage could be taken of it by demur-
rer.   A demand should have been made in writing that the
trial be had in the proper county, and the place changed by
consent of the parties, or by order of the court.   R. S., chap.
123, sec. 4.

   *Abbott, Greyory & Pinney,* for respondent.

May 15.       *By the Court,* DIXON, C. J.   This action is quite non-
descript in its character.   It was commenced in the circuit
court of Crawford county to reverse a judgment of the circuit
court of Dane, to remove a cloud from the plaintiff's land
title, and for a perpetual injunction.   The judgment of the
Dane circuit court was in equity, and the principal grounds
for reversal are, errors of law appearing on the face of the
judgment, and newly discovered evidence.   Fraud in ob-
taining the judgment is likewise claimed, but not sustained
by the averments of the complaint.   The case depends en-
tirely on the alleged errors of law, and newly discovered ev-

idence. The plaintiff's counsel calls it a proceeding in the nature of a bill of review, and for incidental relief. It comes nearer to that than anything else, and we will not differ with him. It is certain that no relief can be granted in the action without setting aside and reversing the judgment of the Dane circuit court, according to the prayer of the complaint. In this respect it is precisely analogous to a bill of review. A bill of review must always be filed in the court where the record is, and by which the decree was pronounced. This is implied from its very name. The court reviews its own proceedings. And when a review is sought on new evidence, liberty to file the bill must first be obtained from the court, upon petition supported by affidavit. 3 Dan. Ch'y Pr., 1733; 2 Barb. Ch. Pr., 93; Story's Eq. Pl., § 412. A review and reversal by one court of the judgment of another co-ordinate court, would be a marvel in the law. Under such a practice the parties could go on reviewing to the end of time. One circuit court possesses no such power over the judgments of another. This subject is fully examined in *Arnold v. Styles*, 2 Blackf., 391, in connection with a bill of revivor, which stands upon the same principle. It is there said of bills of revivor and review, and all bills of the class "not original," that they must be prosecuted in the court where the records remain. It was accordingly held that a bill to revive a decree respecting land could not be filed in the county where the land then was, it having, by a change of county boundaries after the decree and before the filing of the bill, been transferred to another county. It should have been filed in the county where the decree was pronounced, and the court had no jurisdiction of the cause. If proceedings in the nature of a bill of review may still be taken, they must be had before the court in which the judgment was rendered.

The order sustaining the demurrer must therefore be sustained.