Johnson vs. Coleman and others.

JOHNSON vs. COLEMAN, adm'r, etc., and others.

*Equitable relief against judgment of divorce — Proper parties defendant.*

1. Equity will annul at the suit of the wife a judgment of divorce the ground of which was her alleged desertion of the husband, where it appears that the separation was in fact voluntary, under written articles; and where also an order for the publication of the summons was obtained on the ground that the husband was unable to ascertain her residence, whereas in fact he well knew it, and the summons and complaint were not served upon her personally or through the post-office in the manner required by statute, and she had no knowledge thereof until the time for appealing had expired.

2. Such equitable relief will not be denied merely because the judgment might be set aside on the ground that the court had not acquired jurisdiction.

3. Such equitable relief will be granted after the death of the husband, leaving property in which plaintiff, as his widow, would have an interest.

4. In such a suit, both the administrator and the heirs are proper (if not necessary) parties defendant.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to have a judgment of divorce declared void. The complaint sets forth the marriage of the plaintiff to one Charles Johnson in 1856; a voluntary separation by written articles between herself and husband in 1863, and her subsequent removal to Grand Haven in Michigan; that while she was residing at Grand Haven, the said Charles Johnson, fraudu-

lently and without the knowledge of the plaintiff, procured a judgment dissolving the bonds of matrimony between herself and him; that thereafter, though before the plaintiff had any knowledge of such judgment, said Charles Johnson died, being the owner of considerable real and personal estate, and leaving *Sada L. Johnson*, one of the defendants, his sole heir at law; and that the other defendants, as administrators of the estate of said deceased, were in possession of his said real and personal property.

The defendants demurred to the complaint as not stating a cause of action; and also on the grounds that the court had no jurisdiction of the defendants or the subject matter of the action; that the administrators were improperly joined with the heir as defendants; and that several causes of action were improperly united. From an order overruling the demurrer, defendants appealed.

*E. S. Bragg*, for appellants, cited Edwards on Parties, 13; 1 Eden, 520; 2 Sch. & Lef. 408; 2 Ves. sen. 284; Coop. Eq. Pl. 98; Story's Eq. Pl. § 428.

*H. F. Rose*, for respondent. [No brief filed.]

COLE, J. This action is brought by a widow against the personal representatives of her deceased husband and the heir at law, to have a judgment of divorce adjudged and declared to be void and of no effect.

If the matters stated in the complaint are true — and upon this demurrer we must assume they are — then it is evident a gross fraud was practiced upon the court in obtaining the divorce. The ground of the divorce was stated to be desertion on the part of the plaintiff, continued for more than one year; whereas, it is alleged that the separation was voluntary, under written articles entered into by the husband and wife. Further, it appears from the complaint that the husband commenced the divorce suit, and obtained an order of publication, upon the

ground that he was unable to ascertain the residence of the defendant in that action, when he well knew where she was residing; that no copy of the summons and complaint was served upon her personally, nor by depositing the same in the post-office directed to her; and that the plaintiff had no knowledge of that suit until after a lapse of more than two years from the time judgment for a divorce was entered. All these allegations show that the process of the court was used for the purpose of effecting a fraud upon the rights of the plaintiff, and to deprive her of all opportunity to contest the justice and merits of that proceeding. And now, one objection taken to this complaint is, that the joinder of the administrators of the deceased husband with the heir at law is improper. It appears that the husband, at the time of his death, was seized and possessed in fee of real estate in the city of Fond du Lac, of the value of $20,000, and was also the owner of considerable personal property. If the judgment of divorce is permitted to stand, there might a question arise, whether the plaintiff would be entitled to dower in this real estate, and to such a portion of the personal property as the law would otherwise allow her. The administrators have a right to the possession of all the real as well as personal estate of the deceased, until the estate shall have been settled, or until delivered over by order of the county court to the heir. R. S., chap. 100, § 7. They are, therefore, directly interested in the question, whether the plaintiff is to have dower in the real estate, and receive any portion of the personalty, and would seem to be proper parties to this suit, which necessarily, in its consequences, involves that question. The interest of the heir, also, in the same question, is quite as obvious and direct. It is said that the complaint seeks no relief against the heir. True, the complaint merely asks that the judgment of divorce may be declared void. But if that judgment should be declared void and of no effect, it would open the door for the widow to come in and claim her share of the

estate, and thus the heir would be deprived of a portion of the inheritance. The pecuniary interest of the heir, therefore, is opposed to the application, and to granting the relief asked in the complaint. Indeed, it is doubtful whether the court would take jurisdiction and annul the judgment of divorce, the husband being dead, unless it appeared that he left property in which the plaintiff might possibly have some rights. The heir has then a common interest with the administrators in defeating the plaintiff, and, we think, was properly joined in the suit.

A further objection taken to the complaint is, that it does not set out any *prima facie* valid decree, but sets forth a record which shows that the court had no jurisdiction to enter the judgment of divorce. It seems to us that this objection is not valid. It is true, if the court never acquired jurisdiction of the defendant in the divorce suit, she would not be bound by that judgment. But it is not a fair construction of the allegations of the complaint to say that they show that the judgment was void upon its face. The want of jurisdiction rather appears from extrinsic facts *dehors* the record. And that judgment may be a serious impediment to the plaintiff in obtaining her dower in her husband's estate. The time for appealing from the judgment of divorce elapsed before the plaintiff became aware of its existence. Her remedy by appeal was, therefore, gone. It is possible the judgment would have been set aside upon motion, on the ground of a want of jurisdiction. *Ætna Life Ins. Co. v. McCormick*, 20 Wis. 265; *Weatherbee v. Weatherbee*, id. 499. But we can see no substantial objection to the practice of instituting a suit in equity for that purpose. It seems quite as suitable a method to review the questions involved, and to adjudicate upon the rights of the parties, as would be afforded by a motion. Mr. Justice STORY says that there is no doubt of the jurisdiction of courts of equity to grant relief against a former decree, where the same has been obtained by fraud and imposition; and that this must be done by an

original bill in the nature of a bill of review. Story's Eq. Plead. § 426 ; see *Parish v. Marvin*, 15 Wis. 247.

The demurrer to the complaint was properly overruled.

*By the Court.*—Order affirmed.