ROBERT RAWLINS, ADMINISTRATOR, ET AL., APPELLANTS, VS. AMANDA RAWLINS, ET AL., APPELLEES.

1. A widow, and the children born of a cohabitation during the divorce proceedings, and subsequent to a decree of divorce granted at the suit of the husband, have an equity, upon the death of the husband, to set aside such decree of divorce if it was procured by the fraud and imposition of the husband.

2. The usual method by which the wife may set aside a fraudulent decree of divorce obtained by the husband, is a proceeding upon no-

tice·to the husband in the same case. Where, however, the husband is dead, and there are children, the result of cohabitation during the divorce proceedings, and the widow and children seek to set aside the divorce and recover their interest in the estate, they may proceed by an original bill in the nature of a bill of review against the administrator and the children born before the decree of divorce. Such a bill is not objectionable upon the ground either of misjoinder or multifariousness.

3. The right of the "wife" (widow) to letters of administration upon the estate of her deceased husband is not absolute, but conditional upon her application. She failing to apply for letters, others, as provided by the statute, may be appointed. Act of November 20, 1828, Section 7, Duval 169, Thompson's Digest, 196.

Appeal from the Circuit Court for Orange county.

Amanda Rawlins, in her own right, " and as next friend of Gartha Rawlins, Benjamin Rawlins and Daniel Rawlins," files this bill against Robert Rawlins, as administrator of Benjamin Rawlins, and as one of the heirs at law of Benjamin Rawlins, deceased, and against Hezekiah Rawlins, Dorcas Rawlins, Charity Dyal, George W. Dyal, her husband, Sarah Blackwelder and Daniel Blackwelder, heirs at law of Benjamin Rawlins, deceased.

The plaintiff alleges that she married Benjamin Rawlins on the 28th June, 1868; that she cohabited with him up to and after March 3, 1870, discharging all of her marital duties; that at the last date, her husband, Benjamin, through misrepresentation and fraud, obtained in the Circuit Court of Volusia county a decree of divorce; that said Benjamin frequently persuaded and importuned her to leave his place, promising that he would take care of her, and that privately they would be and live as husband and wife, representing that he had certain objects to accomplish which would benefit both of them; that from her great love and confidence in him she acted as he requested, he maintaining the same intimacy and intercourse with her as before; that to better carry out his fraud he induced her to set fire

to and destroy a house, telling her it would be " no harm," as no one was then living in it, and that it belonged to a negro, and that he would stand by her; that she did as she was requested in this matter, believing that she ought to implicitly obey him and do all that he requested; that her husband subsequently went before the grand jury of Volusia county; that he caused witnesses to be summoned, and that she was indicted for arson; that she was arrested at once and put immediately upon her trial, without advice and entirely unprepared, her said husband assuring her that she should be protected from harm or injury, but that she was nevertheless convicted; that his purpose in thus dishonoring her was to effectually accomplish his intended and commenced fraud to procure a divorce; that during all this time and subsequently he was protesting and promising everlasting allegiance and protection; that after her conviction " and expiration of her sentence to State Prison," and while she was in Jacksonville, she was served with a subpœna in a suit instituted by him for a divorce; that after this the person at whose house she was " stopping " received a letter from her husband requiring and requesting that she should proceed immediately to his and her home in Volusia county; that he providing the means for her she did so; that upon her arrival he informed her that he did not wish her to go to court, meaning thereby that he did not wish her to defend herself in said suit from the charges made against her in his bill and thereby prevent a divorce, promising that, notwithstanding said suit for divorce, if she would not defend it and would stay away from court he would support and defend her in every way during her life, telling her that it would do no good but great harm if she attended court, and promising that they would still be husband and wife, and that he would support her during his life and provide for her after his

death; that he partially performed his promise, and provided for and supported her for a time, but he kept concealed from her the fact that he was still prosecuting the divorce suit, or that he intended to obtain a decree; that she still continued to live with him as his wife, and that she had by him children, Gartha, Benjamin and Daniel, the first being born on the 24th November, 1870, the second on the 26th November, 1872, and the third on the 26th day of December, 1878; that on the third day of March, A. D. 1870, in the Circuit Court of the Seventh Judicial Circuit in Volusia county, he obtained a decree of divorce, the ground of divorce being extreme cruelty, wilful, obstinate and continued desertion for one year, and the habitual indulgence during the time she was his wife of a violent and ungovernable temper, all of which charges and the facts set up in support thereof the plaintiff alleges are untrue; that of the decree of divorce she was never informed by said Rawlins, or otherwise. Plaintiff then alleges that her said husband died on the 25th December, 1879, intestate, leaving real estate to the value of $10,000, and personal property to the value of $10,000, leaving the defendants, the plaintiff and her three children, Gartha, Benjamin and Daniel, surviving him, his heirs at law; that in the year 1880 the defendant, Robert Rawlins, applied for and received letters of administration upon his estate, and now has possession of the same as such administrator; that said administrator on account of said fraudulent decree refuses to recognize the three after-born children and the plaintaff as legitimate heirs of the deceased entitled to a share in the property, claiming that the defendants are the sole heirs at law. Plaintiff claims that she is the lawful wife of the deceased and entitled to the administration of the estate of her husband; that the letters granted to his son are void, should be set aside, and that letters should be granted to her.

Plaintiff alleges further that the administrator and the other defendants are using and appropriating the property of the estate, and that they should be enjoined from such action until the rights of plaintiffs are determined.

Plaintiff prays that the decree of divorce may be vacated and set aside as null and void ; that she be declared the widow of the deceased, and her three children heirs at law of the intestate with the other defendants ; that the further administration of the estate be declared to belong to plaintiff ; that the letters of administration issued to Robert Rawlins be vacated and the said Robert be decreed to turn over the property to her for administration, and for an injunction restraining all the defendants from converting or disposing of any of the estate, or further administering the same, and for subpœna. The bill was filed on the 12th day of January, A. D. 1881, and subpœna served March 8, 1881.

To this bill a demurrer was interposed, which was overruled.

From this order this appeal is taken.

*C. M. Cooper* and *E. K. Foster* for Appellants.

*John W. Price* for Appellees.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

The grounds of the demurrer urged upon the hearing of this appeal were several in number. We examine them without reference to the order of their statement.

First. That the said infant plaintiffs, if necessary parties to this suit, are not made parties by the bill.

Plaintiff, Amanda Rawlins, sues in her own right and as next friend of Gartha Rawlins and the others.

We had occasion to examine this question in the case of

Sanderson's Administrators vs. Sanderson, 17 Fla., 820. The bill should be filed in the name of the infants through their next friend. This, therefore, was good ground of demurrer. It is also true that her claim as heir is improper; she must claim as widow. 17 Fla., 820.

Second. That treating the infants as plaintiffs there is misjoinder and multifariousness.

This is a bill by the surviving wife and three of the heirs and distributees against the administrator and the other heirs of the deceased husband seeking to recover their share of the real and personal property belonging to his estate. This is its general character. The plaintiff, the widow, seeks further to set aside the administration granted to one of the sons of the deceased, and to be appointed administratrix with power to take charge of the estate.

The ground upon which the plaintiffs base their right is, that a decree of divorce from his wife, obtained by the husband during his life, was a fraud upon the court and upon the plaintiffs, and was void. Postponing the consideration of the matter of the prayer to be appointed administratrix, we consider whether misjoinder or multifariousness exists by virtue of the joinder of the wife and her children as co-plaintiffs. The demurrer admits the facts set up in the bill. It presents upon its face facts which if true constitute not an ordinary but an extraordinary fraud, a fraud seldom equalled and never excelled by any of the cases in the books. A husband who would induce his wife to commit a crime, and then claim that her separation from him by judicial sentence as punishment resulting from such crime, she being prosecuted by him, is an abandonment or desertion, who, after her release, and while she was living with him at his own request as his wife, prosecuted this suit for divorce, persuading her not to make any resistance and that all would be right, he at this time introducing testimony

in his case to show that she was guilty of extreme cruelty and habitually indulged in a violent and ungovernable temper, is guilty of a fraud upon the court and upon her and upon her then unborn child.

Whether the facts set up in the bill constitute a fraud we have therefore no doubt.

The joinder of the widow and of the children born subsequent to the divorce as plaintiff is not a misjoinder of parties plaintiff. Their rights, while not identical in degree or in interest, are mutually dependent upon setting aside the decree, and as a consequence of a decree of this character they have each an interest in the subject matter of the suit which can be here readily adjudicated. The primary relief sought is the setting aside the decree of divorce, and all of the plaintiffs are interested upon the same side of this question. We can see no necessity for requiring this administrator to be subjected to four distinct suits, all concerning the distribution of the property of the estate, the principal question in each of which (the setting aside the decree of divorce) would be the same. Nor do we see anything, so far as this matter is concerned, in the objection of multifariousness. This bill does not embrace two or more distinct subjects within the meaning of the rule upon this matter. The bill does not seek relief in respect to matters in their nature separate and distinct. "If the object of the suit be single, but it happens that different persons have separate interests in distinct questions which arise out of that single object, it necessarily follows that such different persons must be brought before the court in order that the suit may conclude the whole subject." Danl. Chy. Pldg. & Prac., 336. We have been able to find but one case treating of a like question. Johnson vs. Coleman, Administrator, et al., 23 Wis., 452. The wife there sought to annul a judgment of divorce on the ground of

fraud, and the court held that the administrator and heirs were proper if not necessary parties.

The next question raised by the appellant under this demurrer, which we examine here, is, whether this remedy by original bill in the nature of a bill of review, so far as the divorce is concerned, and an original bill in the matter of the administration, so far as it embraces other matters, is a remedy which a court of equity will sustain. In cases where the husband is alive and the wife seeks to set aside a decree of divorce upon the ground of fraud upon his part, the usual method is a proceeding in the same cause after notice to him. Here the husband is dead, and we are at a loss to see how the purposes of this suit can be affected by proceedings in that suit. But however this may be, the proceeding by an original proceeding or an original bill in the nature of a bill of review has been sanctioned by many courts of equity in like cases, and we see no objection to it. 23 Wis., 452; 2 P. Wms., 73; 34 Ala., 455; 3 Barb., 616; 45 N. H., 110; 4 J. J. Mar., 501; 37 Miss., 198; 62 Penn., 308; 5 Clark (Iowa), 232.

It is insisted that this suit is barred by the statute of limitations. The cause of action accrued here to the widow and the children after the death of the husband. He died on the 25th December, 1879, and the "action" was commenced March 8, 1881, a period of less than one year and three months. There is no section of the statute possibly applicable to this bill which would operate as a limitation in that time.

The only other question remaining to be considered is the matter of the removal of the present administrator, the son, and the substitution of the wife.

The wife does not allege that she ever applied for letters. She having failed to apply, the appointment of the son was proper. The bill should be amended by striking out that

portion of it which seeks his removal. The removal here is sought upon the ground that the wife has an absolute right to administer, whereas it is conditional upon her application. This action as a matter of course will not prejudice any right which she or her children may have to his removal for cause or conduct should they succeed in establishing the alleged fraud.

This, we think, disposes of all the questions in the case.

The order overruling the demurrer is reversed. The case will be remanded, with directions to enter an order sustaining the demurrer, with leave to amend the bill in such particulars as the foregoing opinion indicates is deemed necessary by this court. The costs of this appeal will be taxed equally against the parties, as the principal grounds upon which the demurrer is here sustained were not urged in the Circuit Court, and for further proceedings.