H. C. CONE, *Appellant,* vs. RUBY A. CONE, *Appellee.*

136 So. 466.

En Banc.

Opinion filed August 7, 1931.

*Murray Sams* and *Hulen C. Calloway,* for Appellant; *Scofield & Scofield,* for Appellee.

PER CURIAM.—In this case there was a petition filed to vacate a decree of divorce. It appears that the petition was treated as an original bill, in the nature of a bill of review to impeach and vacate a final decree. There was a motion to strike the petition and also demurrer to the petition. The demurrer was overruled and motion to strike was denied with exceptions taken to both orders. There-

upon the Court made an order vacating the decree pro confesso and final decree of divorce theretofore entered. The allegations of the petition were sufficient when considered as a "Bill to impeach a former decree" because of fraud in its procurement and the orders on demurrer and motion to strike were without error.

There was nothing on the face of the record in the divorce proceedings which warranted the decree therein to be held void. If such decree was void it was so because of the fraud alleged in the petition to have been practiced upon the court and the petitioner and whether or not such fraud existed was a matter which could only be determined upon the consideration of pleadings and evidence properly adduced to show the same. The decree of the chancellor was entered upon the petition and upon the order overruling the demurrer and the order denying motion to strike. The petition itself does not prove the fraud alleged. See Bryant vs. Bryant, 101 Fla. 179, 133 So. 635. Therefore, the final decree cancelling the former decree of divorce was erroneous and the same is hereby reversed and the cause remanded with directions that the defendant be allowed to plead further within a reasonable time to be fixed by the court and for such further proceedings as may be in accordance with law and rules of practice.

Reversed.

BUFORD, C.J., AND WHITFIELD, BROWN AND DAVIS, J.J., concur.