STATE, *ex rel.* FLORENCE E. WILLYS, Widow of John N. Willys, v. C. E. CHILLINGWORTH, as Judge, and GEORGE O. BUTLER, as Clerk of the Circuit Court, Fifteenth Judicial Circuit, Palm Beach County.

168 So. 249.
Division B.
Opinion Filed May 14, 1936.

*Bryant & Pittman,* for Petitioner;

*Loftin, Stokes & Calkins,* for Respondents.

TERRELL, J.—Virginia Willys de Landa joined by her husband, Jose de Landa, filed her bill of complaint in the Circuit Court of Palm Beach County in which she alleges that she is the only daughter and sole heir at law of John N. Willys, who died August 26, 1935, and that Florence E. Doland Willys claims to be the lawful widow of said John N. Willys and that she is entitled to the rights and interests as such in his estate.

The bill of complaint further alleges that John N. Willys left a valuable estate believed to be worth several millions of dollars, a considerable part of which is in real and personal property located in Palm Beach County, that Florence E. Doland Willys was not the lawful wife of John N. Willys and is not his lawful widow, that she was the lawful wife of Harold J. Doland when she entered into a putative marriage with John N. Willys July 30, 1934, at Miami, Florida, that she attempted to secure a divorce from Harold J. Dolan in Dade County, Florida, October 25, 1934, on a bill of complaint filed the day previous, but that said divorce was fraudulently obtained and consequently did not dissolve the bonds of matrimony between the parties thereto.

The bill also alleged that a written document purporting to be the last Will of John N. Willys was filed for probate in the County Judge's Court of Palm Beach County on August 30, 1935, under which the major portion of his estate was left to Florence E. Doland Willys, but a small part was left to Virginia Willys de Landa, who filed objections to the probate of the alleged Will. The application to probate the said Will is still pending. The bill prays that Florence E. Dolan Willys be decreed to have no right or interest in the estate of John N. Willys as his widow because her marriage to him was void.

The instant proceeding in prohibition was instituted in this Court by filing a suggestion for writ of prohibition on the part of Florence E. Dolan Willys directed to the Judge and Clerk of the Circuit Court of Palm Beach County challenging the jurisdiction of the former to adjudicate the questions raised in the bill of complaint filed by Virginia Willys de Landa, because: (1) As sole heir at law and daughter of John N. Willys she is not entitled to have judicially ascertained and fixed the relative rights of herself and the alleged widow in the estate of John N. Willys; (2) Notwithstanding the fact that a substantial part of the estate is located in Palm Beach County and Mr. Willys' alleged Will has been filed for probate in that county and both Mrs. de Landa and Mrs. Willys are non-residents of the State, the Circuit Court of that county may not entertain the bill of complaint filed by Mrs. de Landa; (3) Only the Circuit Court of Dade County, where the decree of divorce in Dolan v. Dolan was granted and where the marriage of John N. Willys and Florence E. Dolan Willys is alleged to have occurred, has jurisdiction of a bill of complaint questioning the validity of the divorce decree and the

marriage brought in question, although both are alleged to be void.

A rule *nisi* was issued and respondents demurred to the suggestion for writ of prohibition. Said demurrer raised the following questions: (1) Can Virginia Willys de Landa as daughter and sole heir at law of John N. Willys maintain the bill of complaint, one purpose of which is to invalidate her father's marriage; (2) Can she maintain it in Palm Beach County where the property in litigation is; and (3) Since the bill of complaint was brought primarily to determine the relative rights of Virginia Willys de Landa and Florence E. Dolan Willys in the estate of John N. Willys in Palm Beach County, is the jurisdiction of the Circuit Court of that county ousted by reason of the fact that said rights are determined by the validity of a divorce decree granted in Dade County and a marriage consummated in the said county between John N. Willys and Florence E. Dolan Willys, who was one of the parties to the divorce decree, both which marriage and divorce are brought in question and are alleged to be void.

Petitioner moves to strike respondents' demurrer and for judgment of prohibition absolute. This motion raises the primary question we are called on to answer, viz., should the Circuit Court of Palm Beach County be prohibited from exercising jurisdiction of the suit to determine the rights of Virginia Willys de Landa and Florence E. Dolan Willys in the estate of John N. Willys?

Respondents contend that this question should be answered in the negative because the real issue in the suit is one involving property rights in litigation is located in Palm Beach County, that respondent has a right to question the validity of the marriage of petitioner to John N. Willys, that the Will of John N. Willys was filed for probate in

Palm Beach County, and that the divorce decree in Dolan v. Dolan is only incidentally brought in question. To support this contention relies on: Rawlins v. Rawlins, 18 Fla. 345; Shrader v. Shrader, 36 Fla. 502, 18 So. 672; Kuehmsted v. Turnwall, 103 Fla. 1180, 138 So. 775; Bender v. Damon, 72 Tex. 92, 9 S. W. 747; Arnold v. Hawley, 67 Iowa 313, 25 N. W. 259; Busenbark v. Busenbark, 33 Kan. 572, 7 Pac. 245; and others.

These cases support the general proposition that an independent suit to set aside a decree for fraud need not be brought in the court where the decree was rendered, but may be brought in any court having jurisdiction of the parties and the subject matter. In Rawlins v. Rawlins, *supra,* it was held that a void decree might be attacked by an original bill or a bill in the nature of a bill of review. The rule announced in Rawlins v. Rawlins was approved in Shrader v. Shrader, *supra.* The facts in the Rawlins case are similar to those in the case at bar except that the Rawlins case was predicated on extrinsic fraud and was brought years after the decree sought to be annulled was entered, while the instant suit was based on intrinsic fraud and was brought less than three years after the decree sought to be annulled was entered.

The rule is settled in this State that respondent being heir to her father's estate has a right to question the validity of his marriage to petitioner. Rawlins v. Rawlins, and Kuehmsted v. Turnwall, *supra.*

The validity of the marriage of John N. Willys to Florence E. Dolan Willys is determined by the validity of the divorce decree in Dolan v. Dolan, which was entered in Dade County, October 25, 1933. The bill challenging the validity of the decree in Dolan v. Dolan was filed February 7, 1936, in Palm Beach County, less than three years after

said decree was entered. The Circuit Courts of Dade and Palm Beach Counties are courts of co-ordinate jurisdiction and the decree in Dolan v. Dolan appears to be the real gravamen of this litigation.

The cases relied on by respondent support her contention, but they differ in material respects from this case. In view of the fact that the final decree in Dolan v. Dolan was not appealed from, that courts of chancery have inherent power to correct their decrees, that it was predicated on intrinsic fraud, and is the real gravamen in this litigation, this Court has reached the conclusion that the orderly administration of justice would be served by giving the Circuit Court of Dade County the opportunity to correct its decree if it was fraudulently obtained. Bryant v. Bryant, 101 Fla. 179, 133 So. 635; Cone v. Cone, 102 Fla. 793, 136 So. 466; Miller v. Griffin, 99 Fla. 976, 128 So. 416.

It follows that the writ of prohibition must be and is hereby granted.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

DAVIS, J. (concurring).—In this case the record shows that the challenged divorce decree of the Dade County Circuit Court was rendered on personal service, with both parties before the court, and upon proper allegations and proof showing the jurisdiction of that court to proceed and to grant a decree of divorce.

The premise upon which suit attacking that decree in Palm Beach County Circuit Court has been filed is that the resultant decree of the Circuit Court of Dade County is void, as distinguished from voidable, because of perjured testimony offered before the Dade County Circuit Court on the subject of its jurisdiction.

However, that premise is fallacious, as a decree rendered by a Court of Chancery in this State, which is a court of general jurisdiction, cannot be collaterally attacked as *void* when the allegations of the pleadings and the proof offered and accepted by such Chancery Court, is sufficient, on the face of the record, to support the jurisdictional finding upon which the final decree was rendered.

In Bryant v. Bryant, 133 Sou. Rep. 635 (cited with approval and followed in Cone v. Cone, 136 Sou. Rep. 436) this proposition was distinctly held: "Where the jurisdiction of a court of equity has been wrongfully invoked and a final decree obtained upon false allegations of jurisdictional facts * * * the decree was voidable, but not void, because the lack of jurisdiction only appears from matters *de hors* the record (when) alleged by the defendant * * * (but) not on the face of the record of the original proceeding when final decree was entered."

In Florida, divorce cases are chancery cases the same as foreclosure cases and the like. Ecclesiastical court doctrines which sustain almost any kind of an excuse to uproot a divorce decree because of moral, as distinguished from legal, considerations, have no place in Florida law, in my judgment.