MARTHA H. REYBINE, as Executrix of the Estate of Alpheus Reybine, deceased, v. LISEL E. KRUSE, a widow.

174 So. 720.
Division A.
Opinion Filed May 21, 1937.
Rehearing Denied June 16, 1937.

*Snedigar & Baya,* for Appellant;

*I. P. Henderson* and *Frank G. Turner,* for Appellee.

DAVIS, J.—We think the order appealed from should be affirmed. The case of Rome Insurance Co. v. Corbett, 66 Fla. 438, 63 Sou. Rep. 833, holds that our constructive service statute is broad enough to apply to any suit in equity pending in our Circuit Courts. The decision just cited has been approved and followed as applied to a non-resident banking corporation not doing, nor authorized to do, business in Florida. Tax Securities Corp. v. Bird, 114 Fla. 840, 155 Sou. Rep. 155. In Royalty v. The Florida National Bank, decided here April 6, 1937, reported in 127 Fla. 618, 173 Sou. Rep. 689, we held the constructive service statute of the State to be applicable to an executrix who resided in Chattanooga, Tennessee.

In this case the appellee's bill was filed to vacate and set aside, on the ground of fraud, an order dismissing an action at law. It was properly filed in the Circuit Court of Dade County, and indeed, under our recent decisions, could have been filed nowhere else. See: Bemis v. Loftin, decided here March 23, 1937, reported in 127 Fla. 515, 173 Sou. Rep. 683, and cases cited therein.

An equity suit of this character is in the nature of an action *in rem* directed against the former judgment or decree and is founded upon the initial jurisdiction that the Circuit Court first acquired over the original action before it was fraudulently induced to be dismissed. In contemplation of law an order procured to be entered dismissing a pending cause is not final if it was procured by fraud and the original jurisdiction over the dismissed cause as first acquired, continues for the purpose of entertaining and deciding all appropriate proceedings brought to reopen the case, either by means of an independent bill in equity directed against the fraudulently induced order or judgment to have it set aside, or sometimes by means of a direct motion filed in the case itself praying that the order of dismissal be vacated and the cause returned to the docket of pending cases. See: Bryant v. Bryant, 101 Fla. 179, 133 Sou. Rep. 635; Cone v. Cone, 102 Fla. 793, 136 Sou. Rep. 466; State, *ex rel.* Willys, v. Chillingworth, 124 Fla. 274, 168 Sou. Rep. 249; Miami Bank & Trust Co. v. Mahlstedt, 107 Fla. 282, 144 Sou. Rep. 659; Kroier v. Kroier, 95 Fla. 865, 116 Sou. Rep. 652; Chisholm v. Chisholm, 98 Fla. 1196, 125 Sou. Rep. 694.

A bill in equity to set aside a Circuit Court judgment dismissing an action at law, when predicated on allegations of extrinsic fraud by reason of which it is prayed that the order or judgment of dismissal of the law action be annulled by an equitable decree for the extrinsic fraud practiced, is

maintainable in this State. Rawlins v. Rawlins, 18 Fla. 345; Shrader v. Shrader, 36 Fla. 502, 18 Sou. Rep. 672; State, *ex rel.* Willys, v. Chillingworth, *supra.*

Such a bill is in the nature of a proceeding *in rem* against the decree, order or judgment sought to be so annulled, and the parties to the attacked decree, order or judgment, if not within the reach of personal service of process are capable of being reached by constructive service as in any other chancery suit. I know of no exception to this general rule (which is amply sustained by our own decisions) merely because one of the parties to the attacked order, judgment or decree is a foreign executrix.

The order appealed from should be affirmed and it is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, J., concurs in the opinion and judgment.

ELLIS, C. J., and BUFORD, J., dissent.

BUFORD, J. (dissenting).—On the 12th day of March, 1936, Lisel E. Kruse, a widow, filed her bill of complaint against Martha H. Reybine as the Executrix of the Estate of Alpheus Reybine, deceased.

In her original bill of complaint the complainant alleged that the defendant was a resident of Coconut Grove in Dade County, Florida. She later alleged that defendant was a resident of New Rochelle, New York, and she also filed an affidavit for service, by publication, on non-resident defendant. Publication was had and the defendant filed a special appearance for the purpose of contesting the jurisdiction of the court over the person of the defendant. She also filed motion to quash the affidavit and order of publication and to quash the return. The grounds of the two motions were identical, as follows:

"1. For aught that it appears to the contrary, this de-

fendant was appointed as executrix of the estate of Alpheus Reybine, by a State other than the State of Florida, and hence this defendant cannot be sued without the State conferring such authority upon this defendant.

"2. For aught that it appears to the contrary, this action does not have any reference to property within the State of Florida, and hence, this defendant having been appointed as executrix of the estate of Alpheus Reybine by and under the authority of a State other than the State of Florida, cannot be sued in this State."

The court held that the document filed as a special appearance constituted a general appearance and denied the motion to quash.

Appeal was taken from that order and the making of that order is assigned as error. The record shows that on April 1, 1929, the appellee, complainant in the court below, as administratrix of the estate of Karl E. Kruse, deceased, instituted in the Circuit Court of Dade County, Florida, a common law action against Alpheus Reybine. Summons *ad res.* was issued. Declaration was filed on the Rule Day in May, 1929, in which the plaintiff claimed damages against Reybine by reason of the alleged negligent operation of his automobile by his agent and servant. On the same date defendant entered his appearance.

On September 18th, 1930, after the declaration had been amended by making Lisel E. Kruse party plaintiff in her own rght, a motion to dismiss was filed in the following language:

"Comes now Lisel E. Kruse, Administratrix of the Estate of Karl E. Kruse, deceased, Plaintiff, and Lisel E. Kruse, widow of Karl E. Kruse, who has heretofore filed her motion herein for leave to be made party plaintiff, and shows unto the Court that the matters and things in controversy in

this suit have been amicably settled in full, and move the Court that the case be dismissed, with full prejudice, at the cost of plaintiff.

> "LISEL E. KRUSE,
> "Administratrix of the Estate
> of Karl E. Kruse, Deceased.
> "LISEL E. KRUSE,
> "Widow of Karl E. Kruse, Deceased
> "R. A. JOHNSTON,
> "Attorney."

On the same date Order dismissing the case was entered in the following language:

"This day came Lisel E. Kruse, Administratrix of the Estate of Karl E. Kruse, Deceased, Plaintiff, and Lisel E. Kruse, widow of Karl E. Kruse, deceased, and having presented to the Court their motion for an order of dismissal of this cause, with full prejudice, which said motion being considered and understood by the Court,

"IT IS ACCORDINGLY CONSIDERED, ORDERED AND ADJUDGED that said cause be and the same is hereby dismissed at the cost of plaintiff, with full prejudice; and the Clerk is ordered to strike the same from the docket."

It appears from the record that a release was executed on September 16th in the following language:

"TO ALL TO WHOM THESE PRESENTS MAY COME:

"KNOW ALL MEN BY THESE PRESENTS: That LISEL E. KRUSE, widow of KARL E. KRUSE and as Administratrix of the estate of KARL E. KRUSE, deceased, for and in consideration of the sum of Three Hundred ($300.00) Dollars lawful money of the United States of America to her in hand paid by ALPHEUS REYBINE, the receipt whereof is hereby acknowledged, has remised, released and forever discharged and by these presents does for herself, her heirs,

executors and administrators, remise, release and forever discharge said ALPHEUS REYBINE, his heirs, executors and administrators of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever in law or in equity which against him I ever had, now have or which I, my heirs, executors, or administrators hereafter can, shall or may have by reason of a certain accident occurring on or about the 19th day of April, A. D. 1929, in the City of Miami, Florida, at the intersection of Southwest Eighth Street and 27th Avenue in said City and County aforesaid, wherein and whereby as a result thereof, KARL .E. KRUSE, now deceased, the husband of the said LISEL E. KRUSE, met his death, for upon or by any reason, matter, cause or thing whatsoever from the beginning of the world to the day and date of these presents.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal at Miami, Dade County, Florida, this 16th day of September, A. D. 1930.

> "LISEL E. KRUSE (SEAL)
> Widow of Karl E. Kruse and as
> Administratrix of the estate
> of Karl E. Kruse, deceased.

"Signed, sealed
and delivered
in the presence of:
R. A. JOHNSTON,
CAROLYN E. FRAILE.

"STATE OF FLORIDA,
DADE COUNTY. ss.

"Before me, the undersigned authority, this day personally appeared LISEL E. KRUSE, widow of KARL E. KRUSE,

and as Administratrix of the estate of KARL E. KRUSE, deceased, who being by me first duly sworn, deposes and says: that she is the person described in and who executed the foregoing release as widow of KARL E. KRUSE and as Administratrix of the estate of KARL E. KRUSE, deceased; that she executed the same freely and voluntarily and for the purposes therein expressed.

"LISEL E. KRUSE.

"SWORN TO AND SUBSCRIBED
 BEFORE ME THIS 16TH DAY
 OF SEPTEMBER, A. D. 1930.
"CAROLYN E. FRAILE,
 Notary Public, State of Florida at Large.
 My commission expires:
 June 13, 1934.
 (Notary Public Seal)"

Copy of draft for $300.00, with endorsements thereon, in the following language, was attached to and made a part of the Bill of Complaint:

"MASSACHUSETTS BONDING AND INSURANCE COMPANY.
"(Seal or Trade Mark)
"$300.00.                                    9/15/1930.

"On Demand Pay to the Order of Lisel E. Kruse, Widow of Karl E. Kruse and as Administratrix of the estate of Karl E. Kruse, deceased, and R. A. Johnston, Attorney,

THREE HUNDRED and no/100 DOLLARS

in full settlement of claim of Lisel E. Kruse, etc., v. Alpheus Reybine.

"WESLEY H. KELLEY Co.
 SOUTHERN DEPARTMENT, INC.
 Joel E. Fite.

"To the Massachusetts Bonding and Insurance Co.
"1420 Kilby Street, Boston, Mass.
"Payable at the FEDERAL NATIONAL BANK OF BOSTON,
Boston, Mass.
Through BOSTON CLEARING HOUSE ONLY.

"N. P.   63-445.

"Endorsement by payee, or deposit in bank for account of payee in acknowledgment by payee of acceptance of this check in full settlement of items as stated on face hereof.
"Lisel E. Kruse, Widow of Karl E. Kruse and as Administratrix of the estate of Karl E. Kruse, deceased.

"R. A. Johnston, Attorney.

"PAY TO THE ORDER OF ANY BANK, BANKER OR TRUST CO. PREVIOUS ENDORSEMENT GUARANTEED SEP. 15, 1930. CITY NATIONAL BANK & TRUST CO. OF MIAMI."

On March 13, 1936, the bill of complaint was filed to vacate and set aside order dismissing action at law hereinbefore referred to. The bill of complaint does not allege any fraud on the part of the defendants in the law action in procuring order of dismissal. It does allege that the complainant's attorney in the law action committed a fraud on the plaintiff in that action and on the court; that he forged the name of the plaintiff to the *praecipe* for dismissal and to the $300.00 draft and to the release.

The allegations of the bill of complaint are sufficient to state a cause of action against plaintiff's attorney in the law action but are entirely inadequate to state a cause of action against the defendant. See Griffith v. Investments Co., *et al.,* 92 Fla. 781, 110 Sou. 271; Small, *et al.,* v. Colonial Investment Co., 92 Fla. 503, 109 Sou. 433.

The bill states no ground of equitable cognizance against the defendant. The bill fails to show that the suit is in

reference to property in this State and, therefore, does not come within the statutory exception contained in Chapter 16103, Acts of 1933, providing, "Personal representatives appointed in any State or country may be sued in this State with reference to property in this State and may defend any such action." The general rule to which this statutory exception is provided is that "an executor-administrator appointed in one jurisdiction cannot be sued in his representative capacity in any other jurisdiction nor can an action pending against decedent at the time of his death be revived against a foreign representative of his estate." 24 C. J. 1136.

For the reason stated, the motion to quash should have been granted.

ELLIS, C. J., concurs.