272 So.2d 153 (1972)
In re ESTATE of Seymour J. KANT, Deceased.
Joan KANT, Petitioner,
v.
Ann Eileen KANT, Individually and As Guardian of Jon R. Kant, et al., Respondents.
No. 42733.
Supreme Court of Florida.
December 20, 1972.
Rehearing Denied February 8, 1973.
*154 Carr & Warren, Miami, for petitioner.
Cushman & Cushman, Miami, for respondents.
MASON, Circuit Judge.
This cause is before us upon writ of certiorari issued to the District Court of Appeal, Third District of Florida, to review a decision of that court affirming an order of the County Judge's Court for Dade County which denied petitioner's petition for letters of administration. The District Court of Appeal after entering its judgment of affirmance certified to this Court that its decision passed upon a question of great public interest in that it held "the heirs-at-law of a deceased may show the *155 fallaciousness of a purported judgment of divorce between the purported widow and her former husband when such attack is necessary to show that the purported widow is not the true widow of the deceased." We thus have jurisdiction under the provisions of Article V, Section 4(2) of the Constitution of Florida, F.S.A.
The facts of the case are set out in the opinion of the District Court of Appeal (In re Estate of Kant, Fla.App., 265 So.2d 524), and it is not necessary to repeat them here except as may be necessary to sustain the decision which we make in answer to the certified question. We affirm the decision of the District Court of Appeal and in answering such question hold that the children of a decedent have a legal standing to attack collaterally the validity of a divorce decree which purported to dissolve the prior marriage of decedent's putative widow and her prior husband. This was the sole question before the District Court of Appeal for decision and it is the only question presented to us on this review.
On direct appeal the District Court of Appeal held that there was inherent in the County Judge's order denying letters of administration to the putative widow the finding that she was in fact not the widow of the deceased because she had not been lawfully divorced from her prior husband who was living at the time of her purported divorce from him, at the time of her marriage to the father of respondent children, and also at the time of the decedent's death whose estate is the subject matter of this suit. Such finding was predicated upon evidence which the County Judge held sufficient to sustain the assertion put forward by respondents herein to the effect that the purported judgment of divorce between petitioner herein (appellant in the Court below) was in deed and fact a forgery and that no judgment of divorce had ever been rendered by the Civil Court of Tlaxcala, Judicial District of Hidalgo, in the State of Tlaxcala, Mexico, upon a complaint filed therein by either of the purported parties to the alleged divorce proceeding, as asserted by the putative widow herein. The effect of such finding by the County Judge was that the petitioner herein was legally incapable of entering into a valid contract of marriage with the deceased father of the respondent minor children and that she was not, therefore, his true widow at the time of his death such as to entitle her to be appointed the administratrix of his estate as his lawful widow.
The District Court of Appeal held that the evidence presented to the County Judge was sufficient to sustain such findings and then proceeded to discuss the legal question before it, viz: the standing of the decedent's children to attack collaterally the validity of the Mexican divorce decree which purported to dissolve the prior marriage between their father's putative widow and her prior husband.
Our role in this certiorari proceeding is not to re-evaluate the evidence before the trial court and which was held sufficient by the District Court of Appeal, but merely to look to the record to determine whether the inferior tribunal had competent substantial evidence before it to support its findings and judgment, while at the same time conforming to the essential requirements of law. 4 U.Fla.L.Rev. 477, 497; Rogers & Baxter, Certiorari in Florida; Bloomfield v. Mayo, Fla.App., 1960, 119 So.2d 417; De Groot v. Sheffield, Supreme Court of Fla., 1957, 95 So.2d 912; Arvida Corporation v. City of Sarasota, Fla.App., 213 So.2d 756. Our review of the record discloses that although the evidence was conflicting on the question as to the validity of the Mexican divorce in question there was substantial competent evidence to support the County Judge's finding that it was invalid, that the putative widow was not in fact ever divorced from the man to whom she was married before she married the decedent, father of respondent children herein, and that she was not, therefore, in law and fact the lawful widow of such decedent entitled to *156 be made the administratrix of his estate. There is no claim here that the County Judge's order did not otherwise conform to the essential requirements of law.
Therefore, the only question before us for decision is whether the minor children of the decedent had standing in court to contest the validity of the Mexican divorce. This is the question certified to us as being of great public interest.
The general rule is that judgments and decrees are not subject to collateral attack where the Court had jurisdiction of the subject matter and of the parties. See Nottingham v. Denison, et al., 63 So.2d 269 (Fla. 1953). But this rule is not applicable to judgments or decrees that are void. Such a judgment or decree is a nullity, a mere brutum fulmen, and hence subject to collateral attack. 5 Fla.Jur., Sections 374, 383. That the Mexican divorce of petitioner was declared void is inherent in the County Judge's order disallowing the appointment of petitioner as administratrix of her putative husband's estate. He could not, upon the record before him, rightfully have entered such an order in which he found that the petitioner was not the surviving spouse of Seymour J. Kant, respondents' father, without declaring the Mexican divorce void. And as we have said since there is substantial competent evidence within the record to support this finding it is not within our province on this review to weigh the probative effect of the evidence which he considered as the basis for his finding.
Therefore, the only question for resolution by us is the one certified to us by the District Court of Appeal, viz: the right of the children of Seymour J. Kant to attack collaterally the validity of the Mexican divorce of the putative spouse of Kant from her prior husband. The answer to this question depends upon whether the respondent children had any rights prejudiced by the alleged Mexican divorce decree. We hold that they did have such rights because at the time of such alleged divorce they, as lineal descendents of their father, who at the time was a single man, having been divorced from their natural mother, were his sole heirs. As such lineal descendants they would have been the sole persons entitled to a distribution of whatever estate, both real and personal, left by him had he died without leaving a lawful widow. Section 731.23, F.S., 1971, F.S.A. And in the event he left a homestead they would inherit such homestead free of any life estate inuring to a lawful widow. Section 731.27, F.S., 1971, F.S.A. Furthermore, they would inherit from their father his estate free from any right of dower granted to such a widow by Section 731.34, F.S., 1971, F.S.A. This is in accord with the principle stated in Freeman on judgments, Vol. 1, page 636, Section 319, where the rule is stated as to what strangers to a judgment or decree are permitted to impeach it. There the author states as to such strangers,
"Being neither parties to the action, nor entitled to manage the cause, nor appeal from the judgment, they are by law allowed to impeach it whenever it is attempted to be enforced against them so as to affect rights or interests acquired prior to its rendition."
The rights of respondent children to be the heirs of their father were acquired the moment they were born, for then they, under the law of descent of this state, became his prospective lineal descendents, and as such entitled to challenge any judgment or decree which is attempted to be enforced against them adverse to such rights or interests. The nature of their rights accrued upon their birth. The extent to which they would be entitled to participate in their father's estate would naturally depend upon subsequent events. As long as their father was married to their mother their pro rata share of his estate upon his death would be reduced to the extent that she would participate in the distribution thereof. Upon their father's divorce from their mother the extent of their right to share in his estate would be increased because she would *157 be no longer a descendent. If he should lawfully remarry, such act would to the same extent reduce their share in his estate if he died leaving such second wife as a lawful widow. Certainly then they have a right now to challenge the validity of their father's subsequent marriage because of the effect that it would have upon the extent to which they would share in whatever estate he left upon his death. Their rights in his estate upon his death did not accrue as to nature at that time, but only as to extent.
Almost a century ago this Court held that the children of a deceased parent have a right to challenge a decree or judgment of divorce between their father and their mother rendered in a suit to which they were not parties. Rawlins, et al. v. Rawlins, et al., 18 Fla. 345 (1881). And in State ex rel. Willys v. Chillingworth, 124 Fla. 274, 168 So. 249 (1936) this Court held in an opinion written by the late revered Mr. Justice Terrell that a testator's daughter had a right to challenge a divorce decree granted to the putative widow of her father from her prior husband on the ground of intrinsic fraud and in the opinion stated
"The rule is settled in this state that respondent, being heir to her father's estate, has a right to question the validity of his marriage to petitioner",
citing Rawlins v. Rawlins, supra.
The cases of deMarigny v. deMarigny, Fla. 1949, 43 So.2d 442, Gaylord v. Gaylord, Fla. 1950, 45 So.2d 507 and Coltun v. Coltun, Fla.App., 1964, 167 So.2d 336, cited by petitioner herein do not support her contention that the children of a deceased party as strangers to a divorce proceeding in which the putative widow was a party have no standing to attack the judgment rendered in such proceeding. This is true for in each of those cases the attack upon the divorce judgment was made by the second spouse who at the time of the rendition of the divorce judgment under attack was not a prospective heir of the party to the divorce proceeding whom she or he later married.
We, therefore, conclude that the District Court of Appeal properly held that the children of a decedent have legal standing collaterally to attack the validity of a decree purportedly dissolving a prior marriage of decedent's putative wife to her prior husband where such decree is void and that its decision herein should be affirmed and that the Writ of Certiorari heretofore issued herein should be discharged. We, therefore, affirm and discharge the writ.
It is so ordered.
ROBERTS, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.