SHARP, Judge,
dissenting.
I would affirm the judgment appealed on the ground that this proceeding constituted an independent action to relieve appellee from a judgment procured by “fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party.” Fla.R. Civ.P. 1.540(b)(3). Appellee alleged that her consent to the property settlement agreement was procured by appellant’s duress and misrepresentations made during their dissolution proceeding. The trial judge in Seminole County found that appel-lee and appellant had an extraordinary relationship during their dissolution which enabled appellant to extort, by threats and misrepresentations, appellee’s agreement to the settlement. Appellee was not represented by independent counsel. The trial judge concluded that appellee should be relieved from the effect of the agreement, and in effect, the dissolution judgment which incorporated it.
Such actions, prior to adoption of Rule 1.540(b), Florida Rule of Civil Procedure, could be brought in any court having proper jurisdiction — not just the court which entered the original judgment. In State ex rel. Willys v. Chillingworth, 124 Fla. 274, 168 So. 249 (1936), the Supreme Court of Florida acknowledged “the general proposition that an independent suit to set aside a decree for fraud need not be brought in the court where the decree was rendered, but may be brought in any court having jurisdiction of the parties and the subject matter.” Id., 168 So. at 251. Further, it is well established that any competent court may adjudicate the invalidity of an order or decree which is void for lack of jurisdiction of the parties or subject matter. Gay v. McCaughan, 105 So.2d 771 (Fla.1958). The wording in Rule 1.540(b) is precisely the same for void judgments as it is for judgments obtained by fraud or other misconduct of the adverse party. Therefore, the statement in the majority opinion limiting all attacks on judgments under Rule 1.540(b) to the court of rendition is much too broad.
I agree with the view expressed by our sister court in Brown v. Brown, 432 So.2d 704 (Fla. 3d DCA 1983), that would allow an independent suit in this case. Brown rejects Alexander v. First National Bank of Titusville, 275 So.2d 272 (Fla. 4th DCA 1973), and its progeny, which apparently hold that an independent suit to set aside a judgment under Rule 1.540(b) can only be brought for cases involving fraud on the court. Brown held that an independent suit *287 could also be brought to obtain relief from judgments for extrinsic fraud.
I think this case involves fraud on the part of appellant, or at least gross misconduct, for which equity traditionally granted relief in an independent suit. Columbus Hotel Corporation v. Hotel Management Company, 116 Fla. 464, 156 So. 893 (1934). Rule 1.540(b) makes no distinction between extrinsic or intrinsic fraud, or misrepresentations, or other misconduct of an adverse party which procured a judgment. We should not create any. I would affirm this judgment because I think an independent suit to attack the dissolution judgment was proper in this case.