HECTOR BRYANT, *Appellant*, vs. ELLA BRYANT, *Appellee*.

Division B.

Opinion filed April 14, 1931.

*Billie B. Bush* and *J. N. Hutchins*, for Appellant;

*R. S. Field*, for Appellee.

PER CURIAM.—Where the jurisdiction of a court of equity has been wrongfully invoked and a final decree obtained upon false allegations of jurisdictional facts, the defendant, being free from laches, may obtain relief by way of motion to vacate such final decree and a decree pro confesso upon which it is based. The decree rendered in such a case, being valid on its face, where there is nothing in

the record showing it otherwise, is not void but merely voidable, as where the facts showing the lack of jurisdiction can only be established by matters dehors the record. Sawyer v. Gustason, 96 Fla. 6, 118 So. 57.

In this case the decree was voidable but not void, because the lack of jurisdiction only appears from matters dehors the record alleged by the defendant in her petition to vacate the decree, not on the face of the record of the original proceeding when final decree was entered.

In such a situation the defendant should show by his motion, deceit, surprise or irregularity in obtaining the decree and that defendant has acted *bona fide* and with reasonable diligence and has a meritorious defense. Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694; Sawyer v. Gustason, supra.

In entertaining and deciding petitions to set aside final decrees of divorce, which if granted may materially affect personal and property rights of third parties, acquired on the strength of the apparent validity of the decree obtained, the Chancellor should not summarily dispose of the matter by ordering the petition to be taken as confessed without proof, and by ordering the final decree vacated and original bill for divorce summarily dismissed, but should dispose of the matter in an orderly way according to the established practice laid down by this court to be followed in such cases.

The decree appealed from is reversed for appropriate proceedings.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.