ERCELLE MITCHELL KURTZ v. BENJAMIN T. KURTZ

150 So. 785
Division A.
Opinion Filed November 10, 1933.

*Marion B. Jennings* and *R. F. House,* for Appellant; *Samuel Kirk,* for Appellee.

Davis, C. J.—On April 22, 1933, final decree of divorce was entered on final hearing on a bill of complaint, answer and testimony that on their face are sufficient to support the divorce decree as against collateral attack.

On May 24, 1933, the circuit judge, of his own motion, and without the filing or entry of any rule to show cause, pleading or proceedings, or other predicate on the record intended for the support thereof, made and entered the following order from which the present appeal has been taken by the complainant in whose favor the decree of divorce had been rendered:

" 'ORDER SETTING ASIDE FINAL DECREE OF DIVORCE. This cause coming on this day *sua sponte* upon the Court's own motion, and it appearing conclusively to the court that the divorce in this cause was obtained by fraud and deceit upon the court in that the parties thereto conspired with each other to obtain a divorce, which they concealed from the court, and which conspiracy and collusion has been made known to the court beyond a reasonable doubt since the rendition of the final decree in this cause.

" 'IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the decree of divorce entered on the 22nd day of April, A. D. 1933, and recorded in Chancery Order Book 31, at pages 104-105, be and the same is hereby set aside and decreed to be of no further force and effect, and further decreed to be void *ab initio*.

" 'IT IS FURTHER ORDERED that the costs of recording this order shall be paid by the complainant and that the clerk of the court upon payment of such costs shall seal the record papers in this cause.

" 'Done and ordered at Sarasota, Florida, as of the 8th day of May, A. D. 1933.

" 'PAUL C. ALBRITTON, *Judge.*' "

Due process of law imports notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. Such due process requires that, after the jurisdiction of the circuit court in a chancery case has been definitely terminated with the entry of a final decree disposing of the controversy and the period for granting a rehearing has expired, whether the case be one for divorce or other relief, that before the decree is vacated or set aside on any ground, there shall be instituted some proceeding by petition, motion, bill of review, original bill, or rule to show cause, wherein the parties to the decree assailed are accorded an opportunity to be heard before the court, and to have made of record for appropriate appellate review, if they so desire, any pleadings or evidence upon which they might wish to rely to uphold as originally rendered. Such is the substance of what was decided in Hall v. Hall, 93 Fla. 709, 112 Sou. Rep. 622; Bryant v. Bryant, 101 Fla. 179, 133 Sou. Rep. 635.

In the last cited case this Court said:

" 'In entertaining and deciding petitions to set aside final decrees of divorce, which, if granted, may materially affect personal and property rights of third parties, acquired on the strength of the apparent validity of the decree obtained, the Chancellor should not summarily dispose of the matter by ordering the petition to be taken as confessed without proof, and by ordering the final decree vacated and original bill of divorce summarily dismissed, but should dispose of the matter in an orderly way according to the established practice laid down by this court to be followed in such cases.' "

On the authority of the cases cited, the decree appealed from is reversed and the cause is remanded for further proceedings in accordance with this opinion.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.