EVELYN BANNON, formerly known as Evelyn Kendall, v. ARTHUR KENDALL, CARY D. LANDIS, as Att'y Gen'l, et al.

158 So. 99.
Opinion Filed November 30, 1934.
Petition for Rehearing Denied, December 29, 1934.

Shutts & Bowen, Joseph F. McPherson, L. S. Bonsteel and Max D. Steuer (N. Y. City), for Appellant;

Arthur S. Friedman, for Appellees.

PER CURIAM.—This is an appeal from an order vacating and setting aside a final decree of divorce on the ground that the affidavit for constructive service was not sufficient to give the Court jurisdiction.

The petition to vacate the divorce was filed in the name of the Attorney General as *amicus curiae* apparently on the

theory that the State had some public interest to be subserved in unraveling the divorce decree that had been entered on June 10, 1931. The petition for vacation of same was not filed until February 2, 1932.

It appears, however, that the real party in interest as prosecutor of the motion to vacate the divorce decree is one Joseph D. Bannon. Bannon was made a party to the record and is described as a co-petitioner *amicus curiae nunc pro tunc* by virtue of an order entered December 15, 1932.

From the record it may be inferred that Bannon married Mrs. Evelyn Kendall, the successful divorcee, after the alleged fraudulent divorce was procured by her as complainant. But when his newly acquired wife some time later brought suit against him in the courts of New York to make him render her separate maintenance, he then appealed to the Attorney General of Florida to authorize the bringing of these proceedings in the Attorney General's name in an attempt to void his wife's divorce from her first husband. It is also to be inferred that by these proceedings Bannon expects to be relieved from his own marital difficulties that have arisen on the strength of what has transpired on the supposed validity of the decree here attacked.

The affidavit for constructive service which was challenged in the petition and found by the Court to be insufficient to give the Court jurisdiction to grant a divorce to complainant in the divorce suit, was as follows:

"AFFIDAVIT FOR SERVICE BY PUBLICATION
"STATE OF FLORIDA,
"COUNTY OF DADE.

"Personally appeared before me, EVELYN KENDALL, who is personally known to me and who being duly sworn, deposes and says that she is the complainant in the above.

styled cause and that the defendant, ARTHUR KENDALL, is a resident of a State or County other than the State of Florida, and that his residence is unknown to Complainant, that said defendant is over the age of twenty-one (21) years, and that there is no one within the State of Florida, service of a subpoena upon whom would bind said defendant, and complainant prays for service by publication.

"EVELYN KENDALL, *Complainant.*"

We hold the affidavit to be valid. In addition to the foregoing, the order appealed from should be reversed on the authority of Bryant v. Bryant, 101 Fla. 179, 133 Sou. Rep. 635, and Kurtz v. Kurtz, 112 Fla. 619, 151 Sou. Rep. 785, it not appearing that Arthur Kendall, the other party to the vacated decree of divorce is either a complainant or defendant or otherwise on the record as a party to the proceedings had in the court below to set aside the final decree of divorce granted to Evelyn Kendall as against said Arthur Kendall.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.