W. L. Grantham v. Jessie Grantham.

191 So. 197

Division B

Opinion Filed September 26, 1939

*Errol S. Willes,* for Appellant;

*Elmore Cohen,* for Appellee.

Chapman, J.—On April 27, 1938, W. L. Grantham exhibited in the Circuit Court of St. Lucie County, Florida, his bill of complaint against his wife, Jessie Grantham, and the prayer thereof sought a divorce on the grounds, viz.: (a) extreme cruelty; (b) habitual indulgence in a violent and ungovernable temper. It was alleged in plaintiff's sworn bill that the place of residence of the defendant Jessie Grantham was to the plaintiff unknown.

On April 27, 1938, the Honorable W. R. Lott, Clerk of the Circuit Court of St. Lucie County, Florida, made and

entered an order requiring the defendant, Jessie Grantham, to appear on June 6, 1938, and defend the suit and the order to appear was published in the Fort Pierce News Tribune once a week for four consecutive issues, and on June 22, 1938, the Honorable Elwyn Thomas made and entered a final decree according to the prayer of the bill of complaint.

On March 22, 1939, pursuant to an order made and entered on October 15, 1938, by the Honorable Elwyn Thomas, Circuit Judge, a bill in the nature of a bill of review was filed in the Circuit Court of St. Lucie County, Florida, by Jessie Grantham against W. L. Grantham in which it was alleged that the defendant perpetrated a fraud on the court in obtaining the divorce decree dated June 22, 1938, because the said W. L. Grantham knew at the time of filing the bill of complaint seeking a divorce and for several years prior thereto that the said Jessie Grantham was living or residing in the State of Florida and when the bill seeking a divorce was filed in St. Lucie County, Florida, she was then residing in the City of Miami, Florida, and could have been served with process; that the same was well known to the said W. L. Grantham, and he further knew that the said Jessie Grantham was not absent from the State of Florida, and the affidavit in support of the bill of complaint as made by the said W. L. Grantham was false and by him known to be false when made. It was further alleged that the testimony offered and produced by the plaintiff in the divorce proceedings before the court in support of the ground or grounds for divorce was perjured testimony and the decree for divorce was obtained by fraud on the part of the said W. L. Grantham.

The bill in the nature of a bill of review prayed for an order vacating and setting aside the final decree dated June

22, 1938, and that the said Jessie Grantham be granted the right to file an answer in the divorce suit and that testimony be taken, and the court upon final hearing make and enter such an order or decree as the facts and law would justify.

On January 26, 1939, the lower court made and entered an order setting aside and vacating the final decree dated June 22, 1938, and decreeing that the said Jessie Grantham be required to file on or before the rule day in February, 1939, such a pleading to the original bill of complaint as to her may seem meet and proper. From this order an appeal has been perfected to this Court.

It is contended by counsel for appellant that the divorce decree dated June 22, 1938, is valid on its face and there is nothing in the record showing it otherwise, and the same is not void but at the most voidable and the remedy of the appellee was a motion to vacate the final decree on the ground of deceit, surprise, or some other irregularity and the bill in the nature of a bill of review as filed by appellee in the lower court was improper. The following authorities are cited: Bryant v. Bryant, 101 Fla. 179, 133 So. 635; Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694; Cone v. Cone, 102 Fla. 793, 136 So. 466. But see also in this connection Gamble v. Gamble Holding Corp., 120 Fla. 340, 162 So. 886.

The record shows that counsel for the respective parties signed and filed in the record in the lower court a stipulation to the effect that the lower court should enter an order permitting and authorizing the appellee to file a bill in the nature of a bill of review in said cause and the court entered said order under date of October 15, 1938, based on the aforesaid stipulation of counsel. The bill in the nature of a bill of review was filed but the appellant here, as shown by the record, failed to attack the bill by motion to dismiss

or strike portions thereof and we fail to find in the record an answer by the appellant to the bill in the nature of a bill of review but the order assigned as error in this Court recites, "This cause came on to be heard upon the bill of review with both parties present represented by counsel and the court heard testimony on the part of the plaintiff in the bill aforesaid, and from such evidence finds that it did not have jurisdiction of the defendant in the original action." It is not shown in the record that appellant offered evidence when the same was heard in the lower court, neither has the evidence considered by the lower court, and upon which a finding of fact was made by the lower court was based, as recited in the order, made a part of the record. It is impossible for this Court to review the evidence upon which a finding of fact is made and assigned as error when the same does not appear in the transcript. The responsibility of preparing the record rests with counsel for appellant and likewise a presumption in law and equity exists as to the correctness of the ruling of the trial judge. See Britt v. State, 88 Fla. 482, 102 So. 761; State v. Merritt, 86 Fla. 164, 99 So. 230; Hoodless v. Jernigan, 51 Fla. 211, 41 So. 194; Clements v. State, 51 Fla. 6, 40 So. 432; Stover v. Stovall, 103 Fla. 284, 137 So. 249.

We are in accord with the holdings of this Court in the cases cited by counsel for appellant, but we are confronted here with an allegation of fraud seeking to set aside a voidable decree, the presence of counsel for the parties before the court when the testimony was taken on the submitted issues, and a specific finding of the trial court on the evidence adduced to the effect that jurisdiction of the defendant in the original divorce proceeding was never obtained. The technical contention that the issues should have been presented by motion to vacate the final decree

rather than by bill in the nature of a bill of review should not be seriously considered when the party seeking a reversal here failed to file a pleading to the bill of complaint in the nature of a bill of review, participated in the taking of testimony in the lower court and failed to have the evidence upon which the order appealed from is based incorporated in or made a part of the transcript.

The case at bar is well within the rule that the finding of a chancellor on the facts will not be disturbed by an appellate court unless such findings are clearly shown to be erroneous. See Kreher v. Morley, 84 Fla. 121, 92 So. 696. See also Smith v. Dowling, 81 Fla. 867, 89 So. 315; Travis v. Travis, 81 Fla. 308, 87 So. 762; Commercial Bank of Ocala v. First National Bank, 80 Fla. 685, 87 So. 315; Hill v. Beacham, 79 Fla. 430, 85 So. 147; Smith v. O'Brien, 75 Fla. 252, 78 So. 13; Simpson v. First National Bank, 74 Fla. 539, 77 So. 204.

The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.