**STATE OF FLORIDA, ex rel. CLIFFORD A. LORENZ, et al., v. LEA G. LORENZ, et al.**

6 So. (2nd) 620             En Banc
Filed March 3, 1942

Frank B. Dowling for Clifford A. Lorenz, petitioner, and W. H. Burwell, in propria persona.

A. C. Franks, attorney for respondent Lea G. Lorenz, and Charles A. Carroll, as guardian ad litem for Lea G. Lorenz, respondent.

THOMAS, J.:

On what we have considered a petition for certiorari we review an order entered by the chancellor November 20, 1941; (1) requiring the parties to a suit for divorce to show cause why the final decree entered 17 September 1938 should not be set aside because of

the fraud of the plaintiff husband "consisting of his alleged false testimony;" (2) requiring the parties, the former guardian of the wife and a surety company to show cause why an order recorded November 19, 1938, adjudging the wife sane, should not be rescinded; and (3) requiring the husband and wife, who were parties in a suit to foreclose a mortgage, given by the latter to the former, to show cause why the final decree of foreclosure dated August 25, 1941 and the order of confirmation dated October 14, 1941 should not be vacated.

This comprehensive rule nisi affecting orders evidently entered in at least two distinct proceedings was issued upon an oral motion and recited that the reason for its issuance was "complaints made by [the wife] to the undersigned judge that she has not received justice from this court" and there was added that "further inspection has been made of the record in each of the above styled cases in the above stated court."

The decrees are apparently regular and if an examination is to be made of the foundation upon which they rest it would be better procedure to inaugurate it by a bill of complaint. We do not elaborate on the kind of bill inasmuch as Section 21 of the 1931 Chancery Act seems to have been designed to abolish technical distinctions in pleadings in equity.

We are aware of the decisions of this court in Kurtz v. Kurtz, 112 Fla. 619, 150 So. 785, where it was held that "due process requires that, after the jurisdiction . . . has been definitely terminated with the entry of a final decree . . . before the decree is vacated or set aside on any ground, there shall be instituted some proceeding by petition, motion, bill of review, original

bill or rule to show cause" giving an opportunity to the interested parties to be heard. This opinion has given comfort to the appellees but we cannot afford it the construction that they claim for it. An analysis of that opinion shows that the circuit judge, ex mero motu, entered an order setting aside a decree on the grounds that it was vitiated by fraud without any petition therefor and without any notice to persons whose rights would be affected. It was the conviction of this court that the decree could not thus be summarily set aside.

That case resembles this one to the extent that no initial petition was offered but we do not think that because of the quoted observations we are committed to the rule that in all matters where voidable decrees are questioned the proper procedure is the issuance of a rule nisi, much less where no formal presentation is filed forming a basis for the rule. It may well be that there are persons whose rights have intervened after the entry of the final decree and that they should be apprized by some formal pleading of the fraud charged and thereby given the opportunity to resist the assault on the decree.

Referring again to the case of Kurtz v. Kurtz, one of the authorities cited to support the pronouncement we have quoted is Hall v. Hall, 93 Fla. 709, 112 So. 622. A comparison of that case with the one of Kurtz v. Kurtz, supra, will immediately disclose the vital difference between them. In the former a petition seeking a vacation of the decree "was evidently treated by the court below as an original bill in the nature of a bill of review, or as an original bill to impeach the former decree for fraud." The other authority cited in Kurtz v. Kurtz, supra, was Bryant

v. Bryant, 101 Fla. 179, 133 So. 635. This case likewise is distinguishable for the court wrote that "the defendant should show by his motion, deceit, surprise, or irregularity in obtaining the decree, and that defendant has acted bona fide and with reasonable diligence, and has a meritorious defense."

In Sawyer v. Gustason, 96 Fla. 6, 118 So. 57, which has also been cited to us, it appears that a motion was filed giving in detail the grounds upon which the movant relied to justify an order of the court setting aside the final decree. The court observed that relief might have been obtainable "by bill in the nature of a bill of review, or on original bill to impeach the decree" and that "the remedy adopted by way of motion to vacate was, however, on the facts alleged, also available. . . ."

From our study of the cases on the subject we realize that the court has recognized the right to make the attack by way of motion or petition but we are not familiar with a case approving the procedure of challenging an absolute decree except by written charges of fraud or other infirmity. We consider such initial pleading indispensable before a decree absolute can be disturbed. Story's Equity Pleadings, Tenth Ed., Section 426; Dowagiac Mfg. Co. v. McSherry Mfg. Co., 155 F. 524.

The stability and finality of decrees and the eventual termination of litigation are most important to the proper administration of justice in the courts, therefore, doubt should not be lightly cast upon final orders entered by courts of chancery. Whenever one of them is brought into suspicion the person making the charge should be prepared definitely to delineate the elements of fraud and the like upon which he

relies to show that the decree is voidable. Whether the motions, petitions and other pleadings which have been held sufficient for that purpose by prior decisions contained the essential features of a bill of complaint, despite their terminology, we will not attempt now to decide but we do hold that an attack on a decree which has become absolute must be made by a bill and anything we have said heretofore to the contrary is overruled. Miami Bank & Trust Co. v. Mahlstedt, et al., 107 Fla. 282, 144 So. 659; Show v. Hamm, et ux., 133 Fla. 722, 183 So. 19.

The certiorari is granted and the rule nisi is quashed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., concur.