## CLIFFORD A. LORENZ v. LEA G. LORENZ

13 So. (2nd) 806                                    January Term, 1943
May 4, 1943                                                  En Banc

*Frank B. Dowling,* for petitioner.

*A. C. Franks* and *Charles A. Carroll,* for respondent.

PER CURIAM:

This case is now before us on rehearing on a petition for certiorari to review a final decree vacating and setting aside a former final decree rendered several years previously by the same court, which petition was denied, and rehearing subsequently granted. When this case was before us about a year ago, we dealt with the matter of proper procedure for attacking and setting aside a final decree which had become absolute, and held that it was a new and independent suit, and should be instituted by the filing of a bill in equity. See Lorenz v. Lorenz, 149 Fla. 625, 6 So. (2nd) 620.

On July 22, 1942, the Circuit Court of Dade County ren-

dered a final decree, on formal pleadings and evidence, annulling and setting aside a final decree of divorce rendered by that court on September 3, 1938, and six days later, on July 28, 1942, the court entered a supplemental order granting Lea G. Lorenz the right to file an answer and counterclaim in the original divorce suit, the final decree in which had been vacated. This supplemental order might well be considered as a part of the final decree of annulment of the former divorce decree, but in any event we cannot pass upon the propriety of said supplemental order of July 28, 1942, without first deciding the question as to whether we have jurisdiction to review said final decree of July 22, 1942, on petition for certiorari.

In the petition for certiorari it is stated that: "The jurisdiction of this Court is invoked under its inherent and constitutional power to grant common law writs of certiorari as well as rules 27 and 34 of the rules of this Court."

Rule 34 is not applicable here. That rule was designed to afford an expeditious method of reviewing interlocutory order and decrees which were formerly reviewable under the statute by appeal. Nor does Rule 27 confer any jurisdiction on this Court which it did not already possess. Rule 27 to 33 inclusive deal entirely with simplifying the procedure on all applications made to this Court for the issuance of any of the common law writs which this Court is authorized to issue under Section 5 of Article V of the Constitution. That Section of the Constitution begins by conferring upon the Supreme Court appellate jurisdiction in all cases at law and in equity originating in the circuit courts and also appellate jurisdiction in certain other cases therein specifically set out. So the Constitution makes this Court primarily an appellate court.

As certiorari under Rule 34 does not lie here, we are dealing with an effort to get this Court to review by common law certiorari a final decree in equity, for the review of which an adequate remedy was afforded by appeal. See Chapter 20,441, Laws of 1941, and Section 67.01 and 67.03 Florida Statutes 1941.

It has long been well settled in this State that common

law writs of certiorari under Section 5 of Article V of the Constitution will not lie to an inferior court from this Court if the petitioner had an adequate remedy by appeal or writ of error. See Saffron v. Adler, 152 Fla. 405, 12 So. (2nd) 124, and cases therein cited.

As this Court is without jurisdiction to review this final decree on certiorari, the petition must be and is hereby

Denied.

BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

BUFORD, C. J., and TERRELL, J., concur specially.

BUFORD, C. J., concurring specially:

I feel that I must concur in the opinion in this case prepared Per Curiam because I recognize that I am as much bound by the opinion and judgment of this Court in the case of Patten, et al., v. Daoud filed March 2, 1943, as if I had concurred in that opinion and judgment. When the majority of the Justices of this Court concurred in that opinion and judgment became the expression of the controlling legal principles applicable to the instant case and the enunciations there contained reflect the law in this jurisdiction in this regard, whether I think it should be so or not.

TERRELL, J., concurs.