HOBSON, Justice.
The petitioner herein, Edward J. Edwards, is a Chief Petty Officer in the United States Navy.
On January 3, 1952, after service by publication regular on its face, and other proceedings, petitioner obtained the entry of a final decree of divorce from respondent, Ida Mae Edwards. One year and three months later, respondent appeared for the *662 first time and filed, purportedly in divorce proceeding's, a “motion” to quash the final decree upon the ground that it had been procured by fraud. The fraud charged was deliberate misstatement of the wife’s address.
A copy of this “motion”, with a notice that application would be made for a hearing thereon on May 18, 1953, was mailed to petitioner’s Fleet Post Office address. On May 18, 1953, after a hearing at which petitioner did not appear and was not represented by counsel, an order was entered vacating the final decree of divorce.
On June 22, 1953, petitioner, having obtained counsel, appeared specially and moved to vacate the order of May 18, alleging that he had a complete defense to the charge of fraud, that he had received notice of the motion to vacate the final decree while performing his military duties on a ship in mid-Atlantic, and had therefore been unable to appear and contest the motion and that the proceedings culminating in the order of April 18 were a nullity. This motion was denied, after argument of counsel, by order dated July 23, 1953, from which certiorari is sought.
As we have stated, the proceedings antecedent to the final decree of divorce were prima facie regular. Clearly, the attempt to reopen the case by motion was improper under State ex rel. Lorenz v. Lorenz, 149 Fla. 625, 6 So.2d 620, and Lorenz v. Lorenz, 152 Fla. 779, 13 So.2d 806. Counsel for respondent urged in oral argument, however, that the motion might be considered in the nature of an independent bill. But this hypothesis immediately fails because there was no process or service of process, nor did respondent submit to the jurisdiction of the court, personally or through counsel, before the decree was vacated. Accordingly, the Chancellor was wholly without jurisdiction or authority to set aside the final decree, and his attempt to do so was ineffective.
This result renders it unnecessary to consider the protection of the Soldiers’ and Sailors’ Civil Relief Act of 1940, 50 U.S. C.A. Appendix, § 501 et seq., also raised by petitioner.
The petition for certiorari is granted, and the order dated July 23, 1953, is quashed, with directions to the Chancellor to vacate his order of May 18, 1953 and enter one denying Respondent’s “Motion” to quash the final decree of divorce entered on January 3, 1952.
ROBERTS, C. J., and THOMAS and DREW, JJ., concur.