PER CURIAM.
1 Ruth H. Reed was divorced from Charles A. Reed in Dade County on April 29, 1949. A property settlement having been agreed upon was approved at the same time. Charles A. Reed has secured a Nevada divorce from Ruth H! Reed in November 1948. The Reeds moved to Miami in 1926 and by joint effort established a very successful sanitarium for alcoholics known as Miami' Retreat Foundation, a Flóridá nonprofit corporation.' December 12, 1949 the Attorney General filed a quo 'warranto proceeding in the Circuit Court of Dade County 1 seeking to annul the charter of Miami Retreat Foundation or Miami Retreat, Inc., on 'the ground that it was not a charitable corporation within the meaning of Chapter 617, F.S.A. Ruth H. Reed was joined as a party to this proceeding and filed a crossbill naming her husband and the 'corporate defendants as defendants. She collaterally attacked the property settlement made in the divorce suit and prayed for an adjudication of her rights in the assets of the corporations. The de *837 fense of estoppel and res adju-dicata were interposed and adjudicated. On appeal to this Court we held that Mrs. Reed was estopped to assert the invalidity of the property settlement and dismissed her cross-bill along with the Attorney General’s quo warranto suit. Miami Retreat Foundation v. Ervin, Fla., 62 So.2d 748.
October 29, 1953, the instant suit was instituted by ex parte application for leave to file an original bill in the nature of a bill of review, directly attacking the property settlement heretofore referred to. The chancellor granted the request and the original bill was filed instanter. The history of the litigation between the Reeds is detailed in the bill of complaint as basis for the bill of review. We are confronted with an appeal by certiorari on the part of defendants to review the order of the chancellor permitting the original bill in the nature of a bill of review to be filed. It is contended by the petitioners that the lower court was without jurisdiction -to permit Mrs. Reed to file her bill attacking the property settlement.
An original bill in the nature of. a bill of review is addressed to the sound discretion of the court but we have held that leave of court for filing such-a bill under some circumstances was not necessary. State ex rel. Lorenz v. Lorenz, 149 Fla. 625, 629, 6 So.2d 620, 621; Miller v. Miller, 149 Fla. 722, 7 So.2d 9. Whether or not this is a case in which the rule applies is not necessary to discuss.
Petitioners contend that no decree affecting the rights of the Reeds was appealed to this Court, hence they say that there was no reason to secure the permission of this Court to file the bill. It is true that this Court did not have the divorce suit before it at any time but as heretofore pointed out, the property settlement was before us and was adjudicated in' Miami Retreat Foundation v. Ervin, supra. This is the gist of'the question here. We think it was set at rest in the quo war-ranto proceeding and that the respondent is estopped by judgment to again raise the question.
The chancellor therefore abused his discretion in entering the decree appealed from. Certiorari is accordingly granted and the judgment quashed.
TERRELL, Acting ' Chief Justice, and SEBREN'G, MATHEWS and BUFORD, JJ., concur.