HOBSON, Justice.
Appellant, the former husband of ap-pellee, was ordered to show cause why he should not be held in contempt of court for his alleged failure to comply with the terms of a property settlement agreement and final decree previously entered ini divorce proceedings between the parties.. Appellant filed no answer or other pleading-directed to his former wife’s petition for rule to show cause, and he filed no application for discharge of the rule. In response to the rule to show cause, appellant attended the hearing held by the chancellor thereon,, and so far as the record discloses he made no objection to the proceedings, but participated in them by giving testimony. No reporter was present at the hearing, and we have no record of what transpired there.
The chancellor ordered, inter alia, that appellant make payments of $125 per month to appellee for the support of their minor child, Louise Marie James. These payments were based upon Paragraph 7 of the property settlement between the parties which had been “confirmed and approved in every respect” in the final decree. The said Paragraph 7 pertained to the former home of the parties, and read as follows:
“7. In the event that the said party of the first part [appellee], through no fault, neglect or omission on her part, shall be put out of the above described property, then the monthly allowance as provided for the support of the said Louise Marie James in Paragraph 1 hereof shall be increased to One Hundred Twenty-five Dollars ($125.00) per month.”
The chancellor found that by reason of a partition suit brought by appellant, the ap-pellee and the minor child had been forced to vacate their former home “through no fault, neglect or omission” on appellee’s part.
Appellant seeks to raise a number of questions. We have considered them all, but find that the only point in his argument which it is necessary to discuss is his contention that the chancellor misconstrued the language of the aforesaid Paragraph 7. We agree that the language is susceptible of more than one construction. But the document does not show on its face that the *396 chancellor’s construction of it was wrong. And because of the state of the record, before us, we do not know what aids the chancellor used in concluding that the parties in entering the property agreement, or the court in confirming it, intended to include a partition suit brought by appellant as a means whereby the appellee could be “put out” of the home “through no fault, neglect or omission on her part.”
We must hold that the appellant has failed to sustain his burden of demonstrating error. The chancellor’s findings and conclusions, which were recited in his order, were based almost entirely upon proceedings of which we have no knowledge. In such a situation we cannot say that:they were erroneous. Cohen v. .Cohen, Fla., 70 So.2d 362; Grantham v. Grantham, 140 Fla. 120, 191 So. 197.
Affirmed.
MATHEWS, C. J., and TERRELL, THOMAS and ROBERTS, JJ., concur.