CARROLL, Judge.
This is an appeal from an order of the juvenile court of Dade County relating to custody of children.
The two children involved are hoys, aged five and two years. The marital domicile of their parents was North Carolina. The mother brought the children to Dade County, Florida, where she took up residence with her parents. Shortly after arriving here she filed a petition in the juvenile court charging that her non-resident husband was unfit to have custody of the children and seeking to arm herself with an order for their custody, expressing fear that otherwise her husband might try to take them from her. The husband appeared at the hearing, and both parties were represented there by counsel.
The record of the proceedings at the hearing on the mother’s petition discloses that neither parent was shown to be unfit, that the children were not delinquent or dependent within the meaning of the law, and that they were being properly cared for by the mother and enjoyed her love and affection.
Juvenile courts are empowered to deal with custody of children who are delinquent or dependent as defined in the general act relating to such courts, chapter 39, F.S.A. In addition, by a population statute (ch. 27000 Laws of Florida 1951, § 3), the jurisdiction of the juvenile court in Dade County was enlarged to include power to act with relation to custody of children present or residing in the county, even when not delinquent or dependent within the meaning of the law.
This order of the juvenile court, which wrested the children from the mother, transferred their custody to the father and authorized him to take them out of the state, was in error and must be reversed.
Absent appropriate proceedings in a court of competent jurisdiction for divorce or separate maintenance, or on habeas corpus to determine custody, the appellant simply was asking the juvenile court for a declaratory decree that her husband is unfit to have custody of their minor children and to legally confirm the custody of said children in herself. Jurisdiction to render declaratory judgments or decrees lies only in the circuit courts, chapter 87, Fla.Stat., F.S.A. Under the particular facts depicted by the record here, it is by no. means clear that the circuit court could have entertained the present petition to render a declaratory decree. Since both parents have equal right to the custody of their natural children, and by statute (§ 744.13(1), Fla.Stat., F.S.A.) are the joint guardians, the practical effect of a decree such as the wife sought here would be to have “title quieted” in herself to the custody of her two minor children, with a declaratory decree finding the undi-vorced husband to be unfit. In the absence of a proceeding for divorce or separation, jurisdiction for seeking change of custody (of children not delinquent or dependent) is through habeas corpus, as was said by the Supreme Court in Gessler v. Gessler, Fla. 1955, 78 So.2d 722, 724.
Aside from the question of jurisdiction, no sufficient grounds for the transfer of custody were made out, and the record shows quite clearly the change of custody was ordered as a means of impelling the wife to reconcile with the husband. The effort of the trial court to bring about a reconciliation was commendable, but reconciliation should be based upon the consent and agreement of the parties and not *553 coerced. Moreover, the challenged order, without any pleading filed by the husband, granted him substantial affirmative relief by a judgment or decree outside the pleadings and beyond the issue made on the only pleading filed, which was the mother’s petition. Under the authority of the cases cited below that amounted to a denial of due process of law. Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 775-776; Gruber v. Cobey, 152 Fla. 591, 12 So.2d 461, 462; Cortina v. Cortina, Fla.1957, 98 So.2d 334, 337; Keathley v. Elb, Fla.App.1961, 133 So.2d 471, 473; Robinson v. Malik, Fla.App.1961, 135 So.2d 445. Cf. Bryant v. Bryant, 101 Fla. 179, 133 So. 635; Kurtz v. Kurtz, 112 Fla. 619, 150 So. 785.
Accordingly the custody order appealed from is reversed, and the cause is remanded with directions to the trial court to entel-an order dismissing the appellant’s petition.
The stay which this court previously granted of the order appealed from will continue in effect until our mandate is issued in this cause, unless otherwise ordered.
Reversed and remanded with directions.