HORTON, Judge.
The appellant seeks review and reversal of an order quashing an alternative writ of prohibition, sustaining a demurrer to the suggestion, granting a motion to dismiss and dismissing the suggestion for writ of prohibition.
' The suggestion for writ of prohibition in substance alleged that a rule had been issued by one of the appellees directed to the appellant, requiring him to show cause why he should not be held in contempt for certain alleged activity in connection with a traffic charge then pending before the Metropolitan Court. Rule to show cause was issued upon the affidavit of an assistant state attorney, which affidavit was predicated upon the sworn testimony taken before him of persons having knowledge of the alleged activity of the appellant. The alleged acts of the appellant took place out of the presence of the court. The appellant attacked the sufficiency of these proceedings in the Metropolitan Court by a motion to quash, motion for production of the sworn testimony taken before the assistant state attorney, and other motions. These motions were denied and the cause was set for trial.
Before the trial date the appellant filed a suggestion in the circuit court seeking to prohibit the appellees from hearing, trying and adjudicating the cause upon the allegation that appellees were about to act in excess of their jurisdiction. A rule nisi in prohibition directed to the appellees was issued by the circuit court. In response to the rule nisi and the suggestion, the appel-lees moved to quash, demurred to the suggestion, and moved to dismiss the sugges *611 tion. After hearing the court entered the order appealed.
The appellant advances three reasons why the order appealed should be reversed, i. e., (1) that the Metropolitan Court is without authority to try, hear and adjudicate cases of indirect contempt; (2) that the affidavit in support of the petition for rule to show cause was insufficient because it was not made upon direct or personal knowledge of the affiant; and (3) that the petition for issuance of the rule to show cause was based upon unsupported conclusions and therefore was legally insufficient.
The questions advanced by the appellant are substantial questions going to the merits of the contempt or the legal sufficiency thereof and are such as could and should be reviewed on an appeal.
Prohibition has been generally defined as that process by which an inferior court is restrained by a superior court from usurping jurisdiction with which it has not been vested by law, or when action is threatened by an inferior court which would be in excess of and beyond its jurisdiction. See 25 Fla.Jur., Prohibition, § 2, p. 452. The Metropolitan Court of Dade County, under Article VI, § 6.15(G) of the Charter, is empowered to punish for contempt of court. Likewise, § 38.22, Fla.Stat, F.S.A., provides:
"Every court may punish contempts against it, whether such contempts be direct, indirect, or constructive * * [Emphasis supplied]
Since the Metropolitan Court is empowered to hear and determine the class of case such as is depicted here, it follows that the correctness or incorrectness of its rulings should not be made the basis of a proceeding in prohibition.
The appellant does not contend that he is without an adequate remedy to correct alleged current or prospective rulings of the Metropolitan Court. It would be premature for this court to pass upon the sufficiency of the charges or to suggest the result that should be reached in the Metropolitan Court without first giving that court the opportunity to consider and adjudicate the questions. See Kelly v. Scussel, Fla.1964, 162 So.2d 517.
The order appealed is affirmed.