SWANN, Judge.
Nancy M. Dowd, plaintiff below, appeals from a final decree in chancery, in which the court found that title to an automobile had passed to her prior to an accident, and therefore she could not recover under the uninsured motorist provision of the insurance policy issued by the defendant, United States Fidelity and Guaranty Company, to a third party, who was the former owner of the motor vehicle.
The plaintiff sued the insurance company for a declaratory decree to determine her rights under the policy. At final hearing, the testimony of the two witnesses present was in conflict as to the essential facts. A final decree was entered against the plaintiff, which stated as follows:
“THIS CAUSE came on for Final Hearing upon the Plaintiff’s Petition for Declaratory Decree, on Thursday, April 8, 1965. The plaintiff, NANCY M. DOWD, and a representative of Pan American Motors, one George Pa-riso, appeared and testified before this Court.
“The Plaintiff, NANCY M. DOWD, was injured in an automobile accident on May 6, 1964, while driving a certain 1959 Oldsmobile. The accident occurred at the intersection of N.W. 27th Avenue and N.W. 14th Street, Miami, Dade County, Florida. The other vehicle involved, a 1951 Plymouth, was uninsured.
“The Plaintiff alleged that the vehicle she was driving at the time of the above accident was owned by Pan American Motors and insured by the Defendants, UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation, and that she was negotiating for the purchase of said vehicle. Said Insurance Company insured Pan American Motors, and contained in the policy of insurance was a Family Protection Clause providing uninsured motorists, coverage. The Defendant, UNITED STATES FIDELITY AND GUARANTY COMPANY, alleged that the vehicle driven by the Plaintiff, NANCY M. DOWD, at the time of the within accident was owned by the plaintiff; that she had purchased said vehicle prior to the accident; and that, therefore, the Defendant, UNITED STATES FIDELITY AND GUARANTY COMPANY, was not liable under the terms of its policy of insurance.
“After considering the evidence offered by the parties, including the testimony of the plaintiff and said George Pariso, it is clear that the plaintiff purchased said motor vehicle prior to the accident in question, and that ownership of said vehicle passed to the plaintiff prior to said accident. The intention of the parties, coupled with the actual delivery of the motor vehicle and the tender and acceptance of the down payment made by the plaintiff, leaves no doubt that the sale had been completed for the purposes of this case, before the accident occurred. * * * >f
******
We are governed by certain guidelines in the disposition of a cause even *560 though we might have decided the matter differently from the trier of facts. The chancellor’s finding of fact will not be disturbed by an appellate court unless such a finding is clearly shown to be erroneous. Budd v. Tison, Fla. 1950, 47 So.2d 12; Grantham v. Grantham, 1939, 140 Fla. 120, 191 So. 197. These findings are entitled to the same weight as is given to the findings of a jury, Ames v. Ames, Fla.App.1963, 153 So.2d 737; and a reviewing court may not substitute its judgment on issues of fact as found by a jury unless those findings are manifestly unreasonable and clearly against the weight of the evidence. Willis v. Clark, Fla.App.1961, 135 So.2d 260.
We have studied the entire transcript and have determined that the finding of the chancellor was not shown to be manifestly unreasonable and clearly against the weight of the evidence.
The final decree is therefore
Affirmed.