STURGIS, Judge.
Highway Insurance Company, plaintiff below, brings this appeal to review a final decree which dismissed its complaint against appellee Fred W. Foreman, defendant below, to whom it had issued a policy of insurance conditioned to indemnify said defendant against liability for bodily injury and property damage in the operation of an automobile forming the subject of the policy. The relief sought was (a) a declaratory decree defining plaintiff’s rights under the policy, and (b) rescission of the policy on the ground that said defendant violated a material provision thereof.
It was alleged by the complaint that plaintiff was induced to issue said liability insurance in reliance upon a representation of said defendant in applying therefor to the effect that there were no persons under the age of 25 years who ever drove said automobile; that plaintiff would not have issued said policy if the true facts had been known to it; that said representation was false in that the automobile was regularly and customarily operated by one Tony Leroy Hammock, a person under the age of 25 years. The complaint further charged that on April 8, 1964, said automobile, while being operated by said Hammock, age 19, was involved in a collision with a bicycle operated by one Harold E. Peterson who on April 23, 1964, brought an action at law against defendant Fred W. Foreman claiming damages for bodily injury arising out of said collision; that the summons and complaint therein were served on defendant Foreman on April 24, 1964, and thereupon defendant Foreman demanded that plaintiff represent and defend him in said suit under the terms of said policy of insurance.
The said Harold E. Peterson was made a party to the suit on appeal for the purpose of enjoining the prosecution of his suit against defendant Foreman pending the disposition of the issues made against defendant Hammock, and a temporary restraining order issued to that effect.
In answer to the complaint defendant Foreman denied the material allegations upon which plaintiff sought rescission of the insurance contract and as an affirmative defense alleged that plaintiff waived its rights under any condition of the policy governing the operation of the subject automobile by a person under the age of 25 years and is estopped to deny coverage with respect to the collision resulting in the suit by Peterson. The factual basis stated by the answer in support of the defense of waiver and estoppel is substantially as follows: That in December 1963 the subject automobile was involved in an accident at a time when it was being operated by the said Tony Leroy Hammock who was then 19 years of age; that said accident was reported to plaintiff’s agent who was notified of the name and age of said driver, but that plaintiff did not thereafter take any action to cancel said policy or increase the premiums therefor; further, that during the time said policy had been in force there had also been in force a policy of insurance issued by plaintiff to defendant Foreman insuring said defendant “against loss from collision and ‘comprehensive’ damage in his ownership of said automobile,” and that plaintiff had taken no action with respect to that coverage afforded by the policy. (The evidence in this cause reveals that as originally issued the subject insurance policy was limited to the last mentioned coverage, and that the coverage for bodily injury liability and property damage liability was added by a subsequent endorsement of the policy.)
On July 24, 1964, the chancellor, after receiving evidence on the part of the in *50 surer and insured, entered an order vacating said restraining order and setting this cause for final hearing.
Pursuant to final hearing the court entered the decree appealed and by apt referance made the above-mentioned order of July 24, 1964, a part thereof. The decree held that plaintiff was not entitled to rescission of the subject insurance policy or to any other relief. It thereupon dismissed the complaint with prejudice and entered judgment against plaintiff and in favor of defendant Fred W. Foreman for $1,500.00 attorney’s fees of said defendant, together with the costs; hence this appeal.
The sole question for determination is whether the chancellor, in light of the pleadings and proofs, erred in holding that plaintiff was not entitled to rescission of the insurance contract. In answering that question we think it is helpful at the outset to take note of the following observation made by the chancellor in the order of July 24, 1964, incorporated by reference in the final decree:
“If this case were before the Court on the first accident of December 1963 it would be inclined to grant the relief sought by the insurance company. That accident was minor and apparently the insurance agent determined to let it pass. By doing so the company necessarily bound itself to continue the policy and is estopped to assert the defense here relied upon.”
It is obvious, therefore, that the considerations leading the court to work the estoppel resulting in the decree adverse to plaintiff are based on the conclusion (a) that the plaintiff, having knowledge of the first accident and the fact that a minor was operating the automobile at the time, failed to seasonably take advantage of its right to cancel or seek rescission of the policy for violation of the condition against operation of the automobile by a person under the age of 25 years and thereby lulled the defendant insured into a false sense of security, or (b) that the plaintiff was under a duty, arising from knowledge of the circumstances surrounding the first accident, to make an inquiry in depth as to whether said violation was one of a series of similar violations occurring prior or subsequent to said accident, and that the failure to make such investigation operated to estop plaintiff from asserting the right to cancellation or rescission on the basis of knowledge acquired after the second accident on April 8, 1964.
The final decree herein found as a matter of fact that at the time defendant Foreman applied for the insurance in question he represented to plaintiff’s agent that “no one under the age of 25 regularly or customarily drove the automobile in question,” whereas in truth and in fact his 19-year-old brother-in-law, Tony Leroy Hammock, had for some six or eight months regularly and customarily operated same on Friday and Saturday nights “and at other times to ball games,” and that this fact was known to defendant Foreman at the time he made the representation. The court also found from the evidence that plaintiff would not have issued the policy at the same premium rate if said misrepresentation had been known to it. These findings are accepted by appellee who has not filed cross-assignments of error.
Section 627.01081(3), Florida Statutes, F.S.A., implies that where it is established that the insurer in good faith either would not have issued the subject insurance policy, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise, it will not be precluded from asserting either of said grounds as a basis for repudiation of its obligation under the policy or contract
In Buffington v. New Hampshire Fire Insurance Co., 104 Ga.App. 139, 121 S.E.2d *51 270 (1961), the policy provided: “It is understood and agreed there are no male drivers under 25 years of age driving this car * * The court held that the insurer could not escape liability on the ground of a violation of said provision where it appeared that in one isolated instance, on which the claim was based, the 19-year-old husband of the insured was driving the subject automobile; that proof to that effect was not sufficient to establish that someone regularly and customarily drove the automobile in violation of said provision. Explaining its conclusion, the court said;
“We think that the parties intended to exclude liability as to those drivers under 25 who with some degree of regularity drove the car. We think that the intention was to escape a continuous, regular risk due to young drivers and not to absolutely escape from such risks when they were infrequent and merely occasional.”
We agree with the above construction which, being applied to the chancellor’s findings of fact in the case on review, compels the conclusion that plaintiff is entitled to the relief sought against defendant Foreman in that (a) he induced plaintiff to issue the subject insurance coverage by representing that no one under the age of 25 regularly or customarily drove the automobile in question, knowing said representation to be false, and (b) the insurer was not at any time prior to the second accident directly or indirectly alerted to the likelihood that a person under such age regularly or customarily drove said automobile, and did not at any time fail to perform any duty owed the insured or commit any act giving rise to application of the doctrine of waiver or estoppel as a defense against insurer’s assertion of its alleged rights under the policy provisions.
It is common knowledge that most automobiles, including those with insurance coverage of the type here involved, are occasionally operated by persons under the age of 25 years. If generally adhered to, application of the doctrine of waiver and estoppel to the facts of this case as determined by the decree appealed would operate to make it imperative for a careful insurer not to rely with confidence upon any representation of the insured with respect to matters which, if the facts had been known, would have made it unwise— if not economically unsound — to issue the insurance contract; and perhaps of greater significance, would operate to induce the insurer to under no circumstance voluntarily settle a claim based on an isolated accident, even one involving slight damages such as occurred in December 1963 in this case. Either result would necessarily saddle the industry with substantial expense requiring greater premiums for coverage, and to that extent would not serve the concept of public welfare which underlies statutory and decisional law regulating the industry.
There is no competent evidence from which to conclude that the insurer prior to the accident of April 8, 1964, had knowledge, actual or implied, that the subject automobile was regularly or customarily operated by any person under the age of 25 years in violation of the policy provision. The isolated accident of December 1963 did not operate to cast on the insurer the duty of determining whether the automobile was regularly or customarily driven by someone under age 25 in violation of the policy provision. It had the right at that stage to continue to rely upon the representation made by the insured.
Finding that the chancellor erred in denying rescission under the facts of this case, the decree appealed is reversed with directions to enter a final decree for plaintiff-appellant.
Reversed and remanded.
RAWLS, C. J., and JOHNSON, J., concur.