SPAET, HAROLD B., Associate Judge.
This is an appeal from an order of the Juvenile and Domestic Relations Court of Dade County which increased the child support provisions of a Circuit Court decree.
The parents of the affected children were divorced by a decree of the Circuit Court dated August 9, 1962. It was conceded by appellee that the support provisions of the decree were fully complied with, at all times.
In December of 1965 a petition to transfer jurisdiction from the Circuit Court to the Juvenile Court, pursuant to Chapter 27000, Laws of Florida, 1951, was filed by the mother, and the petition for transfer was granted.
After hearing, the Judge of the Juvenile Court modified the decree by increasing the amount of support payments to be *846 made by the father, and this appeal followed.
At the outset, this court is in complete sympathy with court below’s commendable motivation to increase support payments for the infant involved.
However, the Statute creating this court of limited jurisdiction did not bestow upon it the power to modify a circuit court decree for support that was being fully comolied with, and we, therefore, reverse.
The Dade County Juvenile and Domestic Relations Court was created by Chapter 27000, Laws of Florida, 1951, and its jurisdiction was set forth, in its entirety, in Section 3 of that Act. As was pointed out in In re Rouse, 66 So.2d 42, at p. 45, by the Supreme Court:
“It is true that in that provision of section 3 giving to the Juvenile Court jurisdiction for the enforcement of custody or support decrees of other courts, the jurisdiction is expressly limited to those cases in which the child is 'threatened with becoming dependent upon the public for support because of non-compliance with such decree or order, * * * ’; but there is no such limitation upon the quoted provision of section 3.” (Referring to Custody)
The language of that portion of Section 3 dealing with enforcement of any decree or order of any other court is clear and without ambiguity, reading:
“ * * * the enforcement of any decree or order of any other court involving alimony, support, legal separation, separate maintenance, or child custody, whenever any child or the parent thereof residing in such county, is reasonably involved and threatened with becoming dependent upon the public for support because of non-compliance with such decree or order * * (italics added).
Nor can appellee find any solace in the broad language toward the end of Section 9 (the Juvenile Court shall thereafter hear and determine said cause as though the same had been originally initiated in said Juvenile and Domestic Relations Court”), since the only section of Chapter 27000, Laws of Florida, 1951 granting jurisdiction is Section 3, above referred to. In fact, Section 9, at its commencement, limits its effect by the initial statement “involving matters within the jurisdiction of the Juvenile and Domestic Relations Court.”
Both the Supreme Court, in Noeling v. State, 87 So.2d 593, at p. 598, and this court in In re My, 162 So.2d 551, have stressed that jurisdiction of the Juvenile Court must be exercised in strict compliance with statutory requirements.
The Dade County Juvenile and Domestic Relations Court not having jurisdiction to modify a circuit court decree for child support, where there has been full compliance with the circuit court decree, the order on appeal is reversed and the court below directed to dismiss the proceedings.
Reversed and remanded with directions.