PER CURIAM.
By petition for writ of certiorari we have been asked to review the decision of the District Court of Appeal, Fourth District, in In The Interest of: D.A.W., a child, 186 So.2d 786. The petition reflected apparent jurisdiction in this Court and we issued the writ and have heard oral argument of the parties. After hearing argument and upon further consideration of the matter, we have determined that the cited decisions present no direct conflict as re *434 ■quired by Article V, Section 4, Florida ■Constitution, F.S.A. This is so because the ■statute in question, F.S. § 39.14(2) F.S.A., which controls the notice of appeal in juvenile court cases, was enacted by the Legislatur'e with knowledge of existing provisions of the general appeal statute, F.S. § 59.08; F.S.A. By enacting § 39.14(2), the Legislature manifested its intent that appeals from juvenile courts should be taken within ten days, rather than the sixty ■days provided by F.S. § 59.08, F.S.A.
We also find Petitioner’s contention that Rule 3.2, subd. b of the Florida Appellate Rules, 31 F.S.A. provides the applicable time for taking an appeal from orders of the juvenile courts without merit. This rule provides appeals shall be commenced within sixty days from rendition of the final decision, etc., appealed from “unless some other period of time for taking an appeal is specifically provided by statute”. F.S. Section 39.14(2), F.S.A., specifically provides a shorter period of ten days for juvenile court appeals.
The case of A. N. E. v. State, Fla.App., 167 So.2d 769, relied upon for conflict, cannot be used as authority for the instant situation inasmuch as the statutory section involved therein was § 39.14(8), which was declared to be superseded because of conflict with said appellate rules, and not § 39.14(2), as herein.
Therefore, the writ must be and is hereby discharged and the petition for writ of cer-tiorari is dismissed.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS, DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.