PER CURIAM.
This cause was initiated by the relator, Gayle Rae (Brown) Marden, filing a suggestion for writ of prohibition against the respondent, one of the Judges of the Juvenile and Domestic Relations Court of Dade County, Florida. The application alleged that the relator was formerly married to James L. Brown; divorced from him in 1961, and granted custody of their minor child by the final decree of divorce, in the Circuit Court of Dade County, Florida.
She alleged that the final decree had not been modified or altered; that relator had custody of the child since the date of the final decree of divorce, but that notwithstanding these facts, a petition had been filed in the Juvenile and Domestic Relations Court in June of 1966 to change the custody of the child, and that the respondent had orally announced that she would change the custody of the child from the relator to the natural father. It also alleged that the child was not dependent nor delinquent, nor was she in the process of becoming a delinquent child.
Upon consideration thereof, we determined that a prima facie case had been made and we issued a rule to show cause to the respondent, as of February 15, 1967, with proper notice thereof. Notwithstanding the issuance of the rule nisi in prohibition, the respondent entered an “order on petition for custody” on February 23, 1967, in violation of Florida Appellate Rule 4.5 (d) (2), 31 F.S.A. The relator neglected or failed to apprise this court or provide it with a copy of the order of the Circuit Court of Dade County, Florida, dated June 1, 1966, which transferred the jurisdiction of the minor child insofar as custody, maintenance and support was concerned, to the Juvenile and Domestic Relations Court of Dade County, Florida, and which granted the power to that court to modify or revise the final decree insofar as these matters were concerned, as it might see fit.
The relator, by brief and argument, suggests that the Juvenile and Domestic Relations Court of Dade County, Florida has no jurisdiction to amend or modify a final decree of divorce granted in the Circuit Court of Dade County, Florida pertaining to the custody of a non-dependent or non-delinquent child, even though the record reflects that there was a prior order of the Circuit judge in the original divorce action which transferred jurisdiction of the cause insofar as custody to the Juvenile and Domestic Relations Court of Dade County.
In a similar fact situation, the Florida Supreme Court, after first upholding the constitutionality of chapter 27000, Laws of Florida (1951), ruled that the Juvenile and Domestic Relations Court of Dade County has jurisdiction to modify a final *563 decree of a Circuit Court involving child custody, regardless of questions of the child’s dependency or delinquency.[1]
We find the Rouse case to he controlling here. The case relied upon by the relator is not applicable, as it involved a modification of a child support order and not, as here, a modification of a child custody order.[2]
Relator’s other point involves a question concerning procedure and practice in the Juvenile and Domestic Relations Court of Dade County, Florida. While this point might be considered on an appeal from a final order, it may not be considered, and is not proper, for consideration in prohibition, since it involves an alleged procedural error, rather than “jurisdictional error,” question. See State ex rel. McCallum v. Smith, 32 Fla. 476, 14 So. 43 (1893); Miller v. Balikes, Fla.App.1966, 166 So.2d 610; 25 Fla.Jur. Prohibition, § 23, p. 473.
One other point is necessary for comment, inasmuch as it may involve important legal rights of the parents of the child. The action of the respondent in entering the order changing custody of the minor child after the issuance and notice of the rule nisi in prohibition, was improper, inasmuch as the rule operated as a super-sedeas under Florida Appellate Rules 4.5(d) (2). It has been represented to us that no actual change of the status quo has been brought about by the entry of the order and that the purpose of the respondent in entering the written order was simply to reduce to writing her orally announced intentions to change custody in order to more properly define the issues.
Under these circumstances, we observe that the order is a nullity and that no rights or status have been effectively or legally changed thereby, and that if the respondent desires to change the custody of the child, it will be necessary to strike the previous order of February 23, 1967 from the record and to issue a new order, con-[1] tabling the same terms and provisions.
In our opinion, this is necessary, inasmuch as the constitutional right to appeal from a final order of the Juvenile and Domestic Relations Court (within .a time certain) is governed by jurisdictional time limitations. See: Section 39.14, Florida Statutes, F.S.A. See also In Interest of D.A.W., Fla.1967, 193 So.2d 433; In Interest of Evans, Fla.App.1960, 116 So.2d 783.
For the reasons stated, the rule nisi in-prohibition is hereby discharged and the suggestion for writ of prohibition be and: the same is hereby denied.
It is so ordered.

. In re Rouse, Fla.1953, 66 So.2d 42

. In Interest of P. J. McGf., Fla.App.1966, 188 So.2d 845.