RAWLS, Judge.
We are here concerned with the theft coverage of a casualty automobile insurance policy. Summary final judgment was entered by the trial judge in favor of Appellee insurance company, hence this appeal. Appellant’s points on appeal amount to one question: Did the trial judge err in entering a summary judgment upon the evi-dentiary material submitted? We conclude that he did; material issues of fact have been controverted, and, therefore, we reverse.
Appellant Copeland, who lived in Orlando, in 1961 purchased a 1961 Pontiac automobile and financed the major portion of the purchase price through Appellant, Bell Bakeries Credit Union. A policy of insurance was secured from West American Insurance Company. In May of 1962, Copeland thought “ * * * he was a little tight * * * wasn’t in too good straights * * was going to have to let it [the car] go * * * ” and so he made a deal with a Mr. Mobley of Jacksonville to take the car with the understanding that he would get it financed. Mobley in turn delivered to him possession of a 1951 Plymouth. The deal was consummated with Mobley garaging the Pontiac in Jacksonville. Subsequently Mobley’s brother-in-law stole the Pontiac, which was finally located in Texas. The car was damaged as a result of the theft. A claim made upon the insurance company was rejected upon the grounds that the policy provision, “ * * * Assignment of interest under this policy shall not bind the company until its consent is endorsed thereon * * * ”, had been violated.
Copeland and Mobley’s agreement forms the basis for the finding that a controverted material fact exists. Copeland’s payments to the credit union were deducted weekly from his salary in the sum of $28.50. The credit union would not accept Mobley in lieu of Copeland since he was not a member. Copeland agreed to continue making the payments on the Pontiac until Mobley could arrange refinancing. Mobley in turn agreed to pay Copeland $20.00 per week, and upon arranging his own financing, Mobley would transfer title of the Plymouth to Copeland and Copeland would endorse the Pontiac title to Mobley. However, if Mobley defaulted in paying the $20.00 weekly payments, and could not get the Pontiac refinanced, then Copeland was to take the car back. It was upon these facts that the trial judge found that: “ * * * the policy of insurance sued upon and attached to the complaint herein became null and void as to this claim because of assignment of interest in the automobile insured by the named insured, James Copeland, to the use and benefit party, William Henry Mobley, in May of 1962, without knowledge or consent of the defendant insurer, which transfer of interest constituted a complete assignment, transfer and Sale of all rights of possession and ownership by Copeland to Mob-ley, with the exception of the record title and the naked legal title to said automobile and that the coverage afforded under the insurance policy sued upon herein was thereby terminated in May of 1962 prior to the theft loss alleged in the complaint to have occurred on November 5,1962 * * * ”
The policy provision by which the insurance company seeks to avoid liability is broad in scope. The salient clause, “Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; * * * ”, is susceptible to many constructions. Such provision could well be construed to mean an assignment of the policy of insurance such as an assignment of or claim against the insurer. It does not necessarily prohibit an assignment of interest in the insured chattel. In drafting the insurance policy the Company could *270 have provided that a transfer by the insured of its interest in the subject property without its consent, voided the coverage. Such a specific provision is not found in the instant policy. The depositions considered by the trial judge reveal that Copeland had not assigned all of his interest in the Pontiac to Mobley. Copeland was primarily liable for the outstanding indebtedness and making the payments upon the obligation. The agreement between Copeland and Mobley specifically provided for title to the vehicle to remain in Copeland with right of possession in the event of default on the part of Mobley. Copeland had an insurable interest in the property. Springfield Fire and Marine Insurance Company v. Boswell, 167 So.2d 780 (Fla.App. 1st, 1964). In Rutherford v. Pearl Assurance Company, 164 So.2d 213 (Fla.App. 1st, 1964), this court held that even though a fire insurance policy upon a dwelling had not been endorsed reflecting change of ownership from the insured vendor, the vendor had an insurable interest by reason of a vendor’s lien. By analogy, the vendor of the Pontiac retained a vendor’s lien, paid the premiums for indemnification in the event of larceny of his chattel, and thus is entitled to adduce proof of damages sustained.
Appellee urges that the trial judge was correct in finding that with the exception of the naked legal title Copeland had transferred all rights of possession and ownership to Mobley, and cites Highway Insurance Company v. Peterson, 186 So.2d 48 (Fla.App. 1st, 1966), and Dowd v. United States Fidelity and Guaranty Company, 183 So.2d 558 (Fla.App. 3d, 1966). These cases are founded upon theories pertaining to tort liability and are not applicable to that portion of the instant policy relating to theft of the insured chattel.
We pretermit any discussion as to damages. The trial court erred in finding that the policy of insurance sued upon became null and void as to this claim because of assignment of interest in the automobile. The cause is remanded for further proceedings in accordance with this opinion.
Reversed and remanded.
WIGGINTON, C. J., and SPECTOR, J., concur.