PER CURIAM.
This is an appeal from a supplemental judgment entered two and one-half months after final judgment in the cause. The final judgment, which was entered on November 13, 1968, held that the 1967 assessment on plaintiff-appellee’s real property was in excess of the fair market value and directed the County Tax Assessor to reduce the 1967 assessment to the amount the court found the fair market value to be ($130,780). No appeal was taken from the final judgment. By its supplemental judgment the court granted plaintiff’s motion that the County be required to reduce the 1968 assessment on the same property to a figure “no higher than the increment for 1968 added to a 1967 base of $130,780.00.”
The trial judge fully set forth the facts with which the supplemental judgment was concerned:
“THIS CAUSE came on to be heard and considered by the Court on the motion of the plaintiff for a post-decretal restraining order enjoining the Dade County Tax Assessor from maintaining his 1968 real property tax assessment which includes a higher 1967 base than the amount found by this Court to be the fair market value of the property in question on January 1, 1967.
“The Court had previously entered a final judgment in the cause on November 13, 1968 reducing the 1967 real property tax assessment on the commercial realty of the plaintiff corporation, consisting of the Jack Frost Motel and Villas situated in the Normandy Isle section of Miami Beach, by $25,000, or from $155,780 to $130,780.
“While the suit involving the 1967 assessment on the above described commercial realty was pending, the Dade County Tax Assessor valued the subject realty for 1968 at $158,670.
“The Board of County Commissioners, sitting as a Board of Equalization in October 1968, heard and considered the plaintiff’s protest of the 1968 assessment proposed by the Assessor, but refused to grant the plaintiff any reduction from the value attributed to the property by the Assessor.
“This Court entered a final judgment on November 13, 1968, in which it determined the 1967 fair market value of the subject property to be $130,780. The *396 plaintiff thereafter, on December 16,1968, moved this Court for an order enjoining the Dade County taxing officials from maintaining the 1968 assessment on the property on a base higher then this Court found to be the fair market value for 1967.”
The trial judge based the supplemental judgment on several considerations including the following: once the court determined the fair market value of the property in 1967, to require the County Tax Assessor to use that value as a basis for subsequent assessments would avoid a multiplicity of suits.
However advantageous the procedure ordered might be to the court and the taxpayer, the judgment appealed from must be reversed because the court lost jurisdiction of the cause upon the expiration of the time allowed for petition for rehearing. See Kippy Corporation v. Colburn, Fla. 1965, 177 So.2d 193; McEachin v. McEachin, Fla.App.1963, 154 So.2d 894; Sobol v. Sobol, Fla.App.1966, 191 So.2d 68.
Another reason for reversal is the fact that the tax assessment of 1968 was not a question brought before the court by the original complaint or by a timely amended complaint. Therefore it was. new subject matter over which the court did not have jurisdiction. Cf. Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 775, 776 (1927); In re My, Fla.App.1964, 162 So.2d 551.
We also think the provisions of §§ 192.04, 193.11, 193.12, Fla.Stat., F.S.A., require reversal.
For the foregoing reasons the supplemental judgment appealed from is reversed.